**07 CV 6154**

*Judge Pauley*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIOLA PLUMMER ) | CIV. ACTION NO.07 CV |
| Plaintiff ) | ( ) |
| ) | DEMAND FOR JURY TRIAL |
| vs. ) | |
| ) | |
| CHRISTINE QUINN, Speaker of the ) | |
| City Council ) | |
| ) | |
| Defendant ) | |

RECEIVED JUN 29 2007 U.S.D.C. SDNY CASHIERS

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. The Plaintiff, Mrs. Viola Plummer, is a U.S.-born female of African descent, residing in Queens, New York. She has been employed as Chief of Staff to City Councilman Charles Barron since September 2005. Plaintiff is bringing this action because the defendant, acting individually and in her official capacity has discriminated against her by harassing her, by denying her equal protection in her employment on the basis of her race, color and gender and for engaging in protected First Amendment activity. Defendant has retaliated against Mrs. Plummer and acted beyond her authority as Speaker of the Council by suspending Mrs. Plummer as chief of staff under the pretext of a disciplinary matter and of a "threatening" statement allegedly made by plaintiff. Defendant has subjected Mrs. Plummer to terms and conditions of employment different than those applied to white employees, by subjecting her to harassment, suspending her without pay for six weeks, and by threatening to terminate her employment without adequate grounds and without affording her procedural due process.

2. By terminating Plaintiff's liberty or property interest in her position without adequate grounds, without a fair notice, an opportunity to be heard and in an arbitrary and capricious manner, and by relying on improper procedures, defendant violated the due process clauses of the Fourteenth Amendment of the United States Constitution.

3. By engaging in acts of intentional race discrimination, retaliation and unlawful harassment in the workplace against Mrs. Plummer, the defendant has violated her constitutional rights to equal protection under the law. By further using her administrative power as speaker of the City Council in retaliating against Mrs. Plummer to harass and terminate her employment without just cause the defendant has violated her rights under the Civil Rights Act of 1991, 42 U.S.C. sec. 1981, 42 U.S.C. sec. 1983 and the laws of the State of New York.

4. The Plaintiff seeks declaratory and injunctive relief and damages for defendant's unlawful actions.

## II. JURISDICTION

5. Plaintiff brings this action pursuant to 42 U.S.C. sec. 1981 and 42 U.S.C. sec.1983. This Court has jurisdiction over the claims presented in this action pursuant to 28 U.S.C. sec. 1331 and 1343(a)(3) and (4).

6. Plaintiff's claim for declaratory relief is authorized by 28 U.S.C. sec. 2201 and 2202. The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. sec. 1367.

## III. PARTIES

7. The Plaintiff, Mrs. Viola Plummer, is a U.S.-born female of African descent, residing in Queens, New York. She has been employed as Chief of Staff for City Councilman Charles Barron since September 2005.

8. Defendant Christine Quinn is a member of the City Council elected from the New York County. In January, 2006, she was elected Speaker of the City Council by a majority of the members.

## IV. STATEMENT OF FACTS

9. The Plaintiff, Mrs. Viola Plummer, is a 70-year-old, U.S.-born female of African descent, residing in Queens, New York who was hired by and has been employed as Chief of Staff for City Councilman Charles Barron since September 2005

10. The City Council of the City of New York is a legislative body established under the New York City Charter (Chapter 2, sec. 21).

11. The City Council is composed of 51 elected members from around New York City.

12. 25 members of the City Council are Black, Latino or Asian; 26 are white.

13. The rules of the City Council provide that "[T]he Council shall elect from its members a Speaker..." [Exhibit A, Rule 2.00]

14. In January, 2006, Christine Quinn was elected as Speaker of the Council.

15. City Councilmember Charles Barron did not vote for defendant Quinn.

16. Each City Council member selects and hires his/her own staff, whose salary is paid from the budget allocated to that member.

17. The Speaker of the City Council has no legal authority, under the New York City Charter or the Rules of the City Council, over the selection, hiring or firing of individual City Council member's staff.

18. Defendant Quinn had no role in the selection or hiring of Mrs. Plummer by Councilmember Barron.

19. In April of 2007, Councilmember Albert Vann submitted a proposal, forwarded to him by Community Board 3, to co-name four blocks of Gates Avenue in the Bedford-Stuyvesant section of Brooklyn after "Sonny Abubadika Carson" an African-American political activist and Black Nationalist, who had devoted his adulthood to the struggle against racism and towards improving the quality of life for Black people in New York City.

20. Mr. Carson's name was submitted along with 51 other names proposed by Councilmembers around the City.

21. The City Council votes twice yearly on street co-namings.

22. On information and belief, until April of this year, the names submitted by Councilmembers had been always approved by the Council.

23. In April of this year, Defendant Quinn took the unprecedented action of inserting, on information and belief, her own personal racist views into the process of street co-naming by using her power and influence as Speaker of the Council to have Sonny Carson's name deleted from the list of names to be voted on by the Council.

24. On May 30, 2007, following City Council rules, Councilmember Vann submitted an amendment to include Sonny Carson's name among those to be considered for approval by the full Council.

25. On information and belief, prior to the submission of the Vann amendment, defendant Quinn had once again used her position as Speaker to ensure defeat of the amendment.

26. City Councilmember Barron stated prior to the vote that he believed that defendant Quinn already had all the votes in place to defeat the amendment and that racism was the basis of the opposition to the street naming.

27. After other speakers, both pro and con, addressed the issue, the Vann amendment was defeated by a vote of 15 (for), 25 (against), 7 (abstentions). 24 of the 25 white city councilmembers voted against the amendment. 14 of the 15 votes in favor were members of the Black, Latino and Asian Caucus.

28. During the debate and vote, spontaneous comments arose from all parts of the floor and gallery of the City Council chambers.

29. In the early weeks of June, local New York City newspapers reported that defendant Quinn was exploring ways of firing Mrs. Plummer for a comment she allegedly made concerning the future political aspirations of Councilmember Leroy Comrie. The alleged comment was made outside of City Hall after the May 30th City Council meeting

30. On June 26, 2007, the New York Sun reported that defendant Quinn was planning to take imminent action against Mrs. Plummer and would have a meeting with her and Councilmember Barron on June 27th, before the stated meeting of the full council

31. Mrs. Plummer and Councilmember Barron were never contacted regarding a meeting with defendant Quinn and nothing was broached at the stated meeting of June 27th, where all three were present.

32. On June 28, 2007, at approximately 4:45 p.m. a letter, written on defendant Quinn's behalf by her chief of staff, Charles Meara, was hand-delivered to Mrs. Plummer at her home. It stated, in part, that *"[A]s a result of your disruptive actions at the Council's Stated Meeting on May 30, 2007, and the threatening statements you made later that day*

regarding Councilmember Leroy Comrie, you are being suspended without pay from employment at the Council for a period of six weeks, from June 29, 2007 to August 10, 2007." [Exhibit B]

33. The letter further stated that if Mrs. Plummer failed to agree to the terms set out by 5 p.m on July 3, 2007, she would be terminated.

34. Mrs. Plummer was never formally or informally presented with charges concerning her alleged acts, nor given a chance to affirm, explain, deny or challenge them.

35. At all times stated herein, Plaintiff was a competent, loyal and dedicated employee. At all times relevant to this lawsuit, Plaintiff met her employer's, i.e. Councilmember Barron's, legitimate job expectations.

## V. CLAIMS FOR RELIEF

### First Claim for Relief

36. Paragraphs 1-35 are incorporated by reference.

37. By engaging in acts of intentional violations of Plaintiff's constitutional rights, racial discrimination, retaliation and unlawful harassment in the workplace against Mrs. Plummer, by interfering wih the right of Plaintiff to make and enforce contracts, by denying Plaintiff equal enjoyment of all benefits, privileges, terms and conditions of employment, the named defendant has violated plaintiff's rights under the Civil Rights Act of 1991, 42 U.S.C. sec. 1981 and the Equal Protection Clause to the United States Constitution.

### Second Claim for Relief - Violation of Due Process-Protected Property Interest Without Good Cause (Against All Named Defendants)

38. Paragraphs 1-37 are incorporated by reference.

39. At all times relevant hereto, Mrs. Plummer had a protected property interest in her employment. Mrs. Plummer's property interests arise from limitations on the employer's

ability to terminate her employment without good cause and without complying with certain procedures, including a properly conducted grievance hearing. Mrs. Plummer's property interest in her employment was also created by implied contract, arising out of customs, practices and de facto policies of the defendant.

40. Plaintiff's due process rights were violated when she was subjected to a "pretextual" suspension for allegedly engaging in "disruptive actions" and making "threatening statements" without having the benefit of a grievance hearing, and based on arbitrary and capricious decisions of the defendant and without any substantial evidence.

41. By arbitrarily suspending Mrs. Plummer's employment without good cause and adequate grounds, by refusing to reinstate her to her position without adequate notice and the opportunity to be heard, the defendant has violated the rights secured to Mrs. Plummer by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### Third Claim for Relief - Violation of Procedural Due Process

42. Paragraphs 1-41 are incorporated by reference.

43. At all times relevant hereto, Plaintiff had a property and liberty interest in his continued employment as Councilman Barron's chief of staff, and as such Plaintiff is entitled to a hearing or some related form of due process before being deprived of that interest.

44. Procedural safeguards, particularly a chance to present and argue her position on the correct characterization of events leading to her termination, were crucial to protecting Plaintiff's liberty and property interests.

45. By denying Mrs. Plummer adequate notice calculated to inform her of the right and the availability of a hearing prior to her termination; by denying her specific information of what she had allegedly done and under what law or rule she was being terminated; by denying her the right to present witnesses at a grievance hearing and to confront and cross-examine adverse witnesses, defendant violated the rights secured to her by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

46. By denying Plaintiff access to documents, objects, etc., necessary to ensure that the Plaintiff was adequately informed of the nature of the evidence against her so that she could effectively rebut that evidence, by denying her access to materials relied on in making the decision to terminate her employment, defendant has violated Plaintiff's rights to due process.

47. By relying exclusively, on information and belief, on unreliable hearsay evidence and by denying the Plaintiff the opportunity to confront and cross-examine persons who supplied information to defendant, defendant has violated the Plaintiff's rights to due process.

48. Taken in combination, the defects in procedure alleged in this Complaint constitute a denial of due process under the Fourteenth Amendment to the United States Constitution.

**Fourth Claim for Relief - Violation of Due-Process-Protected Liberty Interest**

49. Paragraphs 1-48 are incorporated by reference.

50. By dismissing plaintiff from employment without good cause and based on false and derogatory claims that Plaintiff had engaged in disruptive and threatening conduct, defendant has violated Plaintiff's due-process-protected liberty interest. By publicizing said

charges to the news media, other employees and to prospective employers, defendant has seriously damaged the Plaintiff's reputation, standing and association in her professional community.

51. By imposing on Plaintiff a stigma and a possibly permanent disability that foreclose her freedom to take advantage of other employment opportunities, by stigmatizing Plaintiff as a result of the suspension/firing process and by failing and refusing Mrs. Plummer a hearing or other opportunity to "clear" her name, the defendant has violated her due-process-protected liberty rights secured to her by the Due Process Clause of the United States Constitution.

**Fifth Claim for Relief - Defamation**

52. Paragraphs 1-51 are incorporated by reference.

53. At all times relevant hereto, Plaintiff was a person of good name, credit and reputation and was held in high esteem by her co-workers, acquaintances and by the people with whom she generally associated.

54. On information and belief, commencing on or about June 1, 2007, defendant maliciously published false rumors of misconduct by Plaintiff to the media and defamatory statements that the plaintiff was guilty of misconduct and unprofessional behavior.

55. Defendant, in making the communication, intended it to mean that the Plaintiff was guilty of unprofessional, intimidating and insulting behavior and could not be trusted to function harmoniously in a work environment, and the persons to whom the defamatory matter was communicated as aforesaid understood the words to have that meaning.

56. The defamatory matter communicated as aforesaid did and was calculated to cause great injury to plaintiff's reputation.

57. The defendant was not privileged to publish the false defamatory statements. In the alternative, she abused any privilege she had because the defendant's agents made the statements about the plaintiff with actual malice - that is, with the knowledge of its falsity or reckless disregard as to their truth. Moreover, the defendant and her agents have made the statements intentionally; they did so with improper motive.

**Sixth Claim for Relief - Intentional Infliction of Emotional Distress**

58. Paragraphs 1-57 are incorporated by reference.

59. Defendants intentionally inflicted the aforesaid acts with malice, and without any legal, economic, business or social justification or excuse and did so for the sole purpose of suspending/terminating Plaintiff's employment and retaliating against her for engaging in protected activity as stated herein.

60. Defendant's actions were extreme in that they employed administrative discretion in a discriminatory manner to suspend/terminate Mrs. Plummer's employment. Defendant abused the office of Speaker of the City Council. This relationship and position gave defendant the power to damage the plaintiff's interests. Further, defendant knew or should have known that Plaintiff was particularly susceptible to injury through emotional distress.

61. The Plaintiff has suffered compensable loss as a result of the violations of the defendants, including economic losses, severe mental anguish and emotional distress.

**Seventh Claim for Relief - Infringement of First Amendment Rights**

62. Paragraphs 1-61 are incorporated by reference.

63 Plaintiff has a right pursuant to the First Amendment to the United States Constitution to speak freely about her views on race and matters involving race. Defendant's actions were an attempt to inhibit or retaliate against the Plaintiff's speech.

64. The Plaintiff was suspended/terminated from her position for the exercise of her constitutionally protected right of free speech, protected under the First Amendment to the United States Constitution. The termination was retaliation for or as a consequence of the Plaintiff's exercise of protected free speech.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this matter.

2. Issue a declaratory judgment that:

   a. The defendant has: in threatening to suspend and /or terminate Mrs. Plummer, acted beyond the powers legally delegated to her; discriminated against Mrs. Plummer on the basis of her race by subjecting her to discriminatory terms and conditions of employment, by, on information and belief, treating white staff members more leniently than Mrs. Plummer in terms of employment conditions and discharge from employment for alleged offenses of comparable seriousness, by employing administrative discretion in a discriminatory manner to terminate plaintiff's employment because of her race and exercise of protected activities.

Defendant's' acts of intentional racial discrimination and unlawful harassment and retaliation in the workplace against Mrs. Plummer violated the Civil Rights Act of 1991, 42 U.S.C. Sec 1981, the First and Fourteenth Amendments to the United States Constitution.

3. Enter preliminary and permanent injunctions requiring that defendant:

   a. Immediately reinstate Plaintiff to her position as chief of staff to Councilmember Charles Barron, and/or,

b. In the alternative, immediately hold a fair hearing which complies with procedural due process

c. Pay to plaintiff forthwith monetary damages to compensate her for the loss of wages, social security, and fringe benefits, with interest from the dates when said sums were due until the judgment is paid;

d. her officers, agents, successors, employees, attorneys and assigns and other representatives, and all those persons acting in concert with them and at their discretion, engaging in any act of deprivation of civil rights or employment discrimination against Mrs. Plummer.

e. cease from engaging in personnel activities beyond those legally delegated to her as Speaker of the City Council.

4. Award Mrs. Plummer actual and compensatory damages in the amount of $500,000 against the defendant; and punitive damages in the amount of $500,000 against the defendant.

5. Award Mrs. Plummer reasonable attorneys fees and costs pursuant to 42 U.S.C. Sec. 1988

6. Award Mrs. Plummer such other and further relief as justice may require.

## JURY DEMAND

Plaintiff, Viola Plummer, hereby demands a trial by jury as to all issues.

PLAINTIFF

BY: _____
ROGER S. WAREHAM, Esq. (4751)

394 Putnam Avenue
Brooklyn, NY 11216
(718) 230-5270