- 20 -

closed, the Minority Leader, or his or her designee, may be the next to the last speaker and close debate for the minority party; the Majority Leader, or his or her designee, may close debate for the majority party, and shall be the last speaker on any issue.

9.190. Questions of Priority - All questions relating to the priority of business shall be decided without debate.

9.200. Personal Privilege - The right of a member to address the Council on a question of personal privilege shall be limited to cases in which the member's integrity, character or motives are assailed, questioned or impugned.

9.210. Discussion of General Orders - Any member, when recognized by the presiding officer, may speak on any matter on the general order calendar during the period of discussion of general orders. Such member, with the exception of the Minority Leader may speak for no more than a total of two (2) minutes unless permission to extend the time is granted by a majority of the members of the Council present. The Minority Leader shall have up to five (5) minutes to speak on any matter on the general order calendar.

9.220. General Discussion - Any member, when recognized by the presiding officer, may speak on any issue during the period of general discussion. Such member may speak for no more than a total of two (2) minutes unless permission to extend the time is granted by a majority of the members of the Council present.

9.225. Discussion of resolutions – Any Member, when recognized by the Presiding Officer, may speak on any Resolution on the Resolution calendar during the period of discussion of Resolutions. Such Member may speak for no more than a total of one (1) minute unless permission to extend the time is granted by a majority of the members present.

9.230. Extension of Remarks into the Council Record - Members may enter written materials or prepared statements of no more than five (5) pages into the official record of a stated meeting during the period of extension of remarks. At such meeting, copies of such materials or statements shall be provided by such member to all other members and to the presiding officer. Such materials and statements shall become part of the official record of the stated meeting without being read into the record. All such supplemental written materials and prepared statements shall be printed in the official record of the meeting under the caption "Extension of Remarks into the Council Record."

## CHAPTER X
## GENERAL RULES

10.00. When Papers shall be Read - When the reading of a paper, other than a petition, is called for, and the same is objected to by any member, the question whether the paper shall be read shall be determined by a majority vote without debate.

- 21 -

10.10. Automatic Removal from Consideration - When a Council Member, for any reason whatsoever, ceases to be a member of the Council, all pending proposed local laws and resolutions individually sponsored by such member, and all pending Mayor's vetoes after the expiration of the legal time limit within which the Council must act, shall automatically be filed, marked off the calendar and removed from any consideration by the committee to which it had been referred. The Legislative Document Unit shall prepare a list of the identifying introduction or resolution numbers for such automatic filing, which list shall appear in the minutes under the heading "Communications from City, county and borough offices."

10.20. Amendment or Suspension of Rules - When recommended by the Committee on Rules, Privileges and Elections, a Rule of the Council may be amended, suspended or rescinded or a new rule added by the majority vote of all the Council Members. However, any Council Member may move to suspend, amend or rescind any rule or to add a new rule, but such motion shall not be in order without the unanimous vote of the Council, unless written notice has been given to each member specifying the purpose of the proposed suspension, amendment, rescission or addition, at least one week in advance, in which case a majority vote shall prevail.

10.30. Absence or Violation of Rules - In all cases of absence of members during the session of the Council, or of the violation of any of these rules, the members present may censure or suspend the offending member, in such manner or for such period as they deem just.

10.40. Television Coverage - The Council and its committees shall make their public meetings and hearings available for cablecasting and broadcasting.

10.50. Application of "Robert's Rules of Order, Newly Revised" - The rules of parliamentary procedure contained in "Robert's Rules of Order, Newly Revised" shall govern the Council in all cases to which they are applicable, and in which they are not inconsistent with the standing rules and orders of the Council.

10.60. Nominations, Appointments, Designations, Recommendations: Meetings - Any committee which schedules a meeting for the purpose of considering the nomination, appointment, designation or recommendation of any individual pursuant to power vested in the Council shall, in its announcement of such meeting, invite the public to be heard with respect to the qualifications of any such individual.

10.70. Conflicts of Interest - All Council Members shall comply with the conflicts of interest provisions of Chapter 68 of the City Charter.

## CHAPTER XI
## RULES OF THE LAND USE COMMITTEE

11.00. Membership - The Land Use Committee shall include at least one member from each borough.

- 22 -

11.10. Subcommittees - a. The Land Use Committee shall have the following subcommittees: (i) Zoning and Franchises; (ii) Planning Dispositions and Concessions; (iii) Landmarks, Public Sitings and Maritime Uses; and (iv) such others as shall be determined by the Speaker. The Speaker shall determine the jurisdiction of the subcommittees and shall promulgate a list, which the Speaker may amend from time to time, of those matters within the jurisdiction of each subcommittee.

b. The Speaker shall appoint the chairs of the subcommittees. The chair of the committee or a subcommittee may appoint a member of the committee or subcommittee as the case may be, to act as a temporary chair to conduct a meeting in the chair's absence.

c. The chair of the Land Use Committee shall be an ex-officio member of all the subcommittees. As an ex-officio member, the chair may vote on matters before a subcommittee only if the chair's vote is required to break a tie.

d. The hearings and meetings of each subcommittee shall be held at the call of the chair of the subcommittee pursuant to the notice and other requirements of section 11.30 and other applicable provisions of these rules.

e. Each subcommittee shall consider all matters referred to the subcommittee at a meeting and shall report on any action it takes to the Land Use Committee pursuant to a schedule that will enable both the Land Use Committee and the Council to act within any time limits for Council action prescribed by law. The chair of the Land Use Committee may call-up to the committee any matter referred to a subcommittee if a call-up is necessary to enable the committee and the Council to act on a matter within any time limit for Council action prescribed by law. The Land Use Committee may close the record of the public hearing on any such matter, if the record has not already been closed by the subcommittee.

11.20. Referrals to Land Use Committee - a. All matters subject to review by the Council pursuant to chapters 8, 14, 29 and 74 of the City Charter shall be filed with the office of the Speaker. Upon filing, the Speaker shall refer each such matter to the subcommittee that has jurisdiction over the matter in accordance with the list provided for in section 11.10(a); provided, however, that matters that may be reviewed by the Council only pursuant to section 197-d(b)(3) of the City Charter and filings by the Mayor pursuant to sections 197-d(f) and 197-d(g) of the City Charter shall be subject to the provisions of subdivisions b, c, d and e of this section. All such referrals shall be made in a timely manner in order to permit the Council to act within any time limits prescribed by law.

b. A resolution providing for Council review of a matter pursuant to section 197-d(b)(3) of the City Charter shall be introduced directly to the Council, without referral to a committee or subcommittee; provided, however, that such a resolution may be introduced only if the resolution is sponsored by seven Council Members or if, pursuant to subdivision c of this section, the resolution is introduced by the chair. Any resolution introduced pursuant to this subdivision or subdivision c shall not be subject to debate at a Council meeting. Upon adoption by the Council of a resolution introduced pursuant to this subdivision, the matter that is the subject of the resolution shall be considered by the Land Use Committee and its subcommittees.

- 23 -

c. If a single project or development involves more than one matter filed with the Council at approximately the same time pursuant to section 197-d(a) of the City Charter and at least one but not all of such related matters are subject to Council review pursuant to sections 197-d(b)(1) or (2), the chair of the Land Use Committee shall introduce directly to the Council, without referral to committee, a resolution providing for Council review pursuant to section 197-d(b)(3) of all such related matters that are not subject to Council review pursuant to sections 197-d(b)(1) or (2). The chair shall introduce all such resolutions promptly upon the filing of such matters with the Council. For purposes of this subdivision, two or more matters shall be deemed to be filed "at approximately the same time" if they are filed with the Council prior to the date on which the Council votes, pursuant to section 197-d(c), on the first of the matters filed.

d. If the Council passes a resolution pursuant to subdivision c of this section to review one or more matters relating to a single project or development that are filed with the Council at the same time, all the related matters that are the subject of such a resolution shall be referred to and reported out of the Land Use Committee as a single package of related matters. For purposes of this subdivision only, two or more matters shall be deemed to be filed "at the same time" if they are filed prior to the date on which the notice for the public hearing on the first of the matters filed is issued.

e. A resolution to override a filing by the Mayor pursuant to sections 197-d(f) or 197-d(g) of the City Charter may be introduced by any Council Member at the next Council meeting following such filing and shall not be referred to the Land Use Committee or its subcommittees.

f. All matters subject to review by the Council pursuant to Article 16 of the General Municipal Law shall be filed with the office of the Speaker. Upon filing, the Speaker shall refer each such matter to the subcommittee that has jurisdiction over such matter in accordance with the list provided for in section 11.10(a). All such referrals shall be made in a timely manner in order to permit the Council to act within any time limits prescribed by law. The subcommittee shall hold a public hearing on all such matters within one hundred fifty (150) days of the date of filing with the office of the Speaker.

11.30. Calendar and Public Notice - a. The chairs of the Land Use Committee and the subcommittees shall cause to be prepared a regular calendar of the meetings of the Land Use Committee and each of its subcommittees. The calendar shall be delivered to each Council Member, shall be made available to the public free of charge at City Hall, and shall be mailed to each borough president, each community board and a main branch of the public library in each borough. Each calendar shall include all matters referred to the committee and subcommittees and shall indicate the meetings of the committee and the subcommittees at which each matter is scheduled for public hearing or consideration. The failure to include a matter in the calendar shall bar the committee and its subcommittees from voting with respect to the matter unless the matter is added to the agenda as far in advance of the meeting at which the vote is to occur as is practicable and not less than two thirds of the members of the committee vote to add the matter to the agenda. The failure to include a matter in the calendar shall bar the committee and its subcommittees from holding a public hearing on the matter unless (i) the matter is added to the agenda as far in advance of the hearing as is practicable, (ii) any notice requirements in the City

Charter are satisfied, and (iii) not less than two thirds of the members of the committee or subcommittee vote to add the matter to the agenda. The chair of the Land Use Committee may call meetings of the Land Use Committee in addition to those meetings on the calendar, and the chair of a subcommittee may call meetings of the subcommittee in addition to those meetings on the calendar, pursuant to the notice and other requirements of this section and the other applicable provisions of these rules.

 b. Public notice of the time and place of each Land Use Committee and subcommittee meeting scheduled at least one week prior thereto shall be given to the news media and shall be posted in a public location at City Hall at least seventy-two hours before such meeting. Public notice of the time and place of every other meeting shall be given, to the extent practicable, to the news media and shall be posted in a public location at City Hall at a reasonable time prior thereto. In addition, public notice of all public hearings of the Council, the Land Use Committee and its subcommittees required pursuant to section 197-d of the City Charter shall be published in the City Record not less than five days prior to such hearing.

 11.40. Public Hearings - a. Each subcommittee shall hold on behalf of the Council all public hearings required by law with respect to matters referred to the subcommittee. The Land Use Committee shall hold on behalf of the Council all public hearings required by law with respect to matters referred to the committee which have not been the subject of a subcommittee hearing. If a number of matters relating to a single project or development are filed at the same time pursuant to section 197-d of the City Charter and such matters fall within the jurisdiction of more than one subcommittee, there shall be a single hearing on such related matters. The Speaker shall determine whether the public hearing on such related matters shall be held by the Land Use Committee or by a subcommittee.

 b. Each person filling out an appearance form at a public hearing required pursuant to section 197-d of the City Charter shall be given the opportunity to speak. The member of the Land Use Committee presiding at a public hearing of the Land Use Committee or a subcommittee may establish a time limit for all members of the public speaking at such hearing.

 c. The Land Use Committee and its subcommittees shall make available to all Council Members the record of all public hearings of the committee and its subcommittees with respect to matters referred to the committee pursuant to section 11.20. The record of a public hearing of the committee or its subcommittees shall consist of a list of the names and affiliations of the speakers at the hearing, each speaker's indication (on a form provided for that purpose) of support or opposition to the matter under consideration, any written statements offered by speakers, any other documents introduced on the record at the hearing, and any transcripts of the hearing. As far in advance as is practicable of consideration by the full Council of any such matter, copies of the items in the record and of materials filed with the Council as specified in sections 197-d(a), 704(g) and 3020(8) of the City Charter shall either be given to Council Members or made available to Council Members on an ongoing basis. The record, any subcommittee and committee reports, and the other materials referred to in the preceding sentence shall be made available to the public for inspection by appointment.

- 25 -

11.50. Voting-a. All Land Use Committee and subcommittee determinations shall be on the affirmative roll call vote of not less than a majority of all the members of the committee or subcommittee, including vacancies and absences but not including ex-officio members.

b. Neither the Land Use Committee nor its subcommittees shall vote on a matter until the record of any public hearing required by law on such matter has been closed by the committee or subcommittee.

11.60. Discharge of Committee-a. Notwithstanding anything to the contrary in these rules, the Council shall not act upon a matter referred to the Land Use Committee or its subcommittees pursuant to section 11.20 until the committee has reported thereon, except as provided in this section. Any matter referred to the Land Use Committee for which, by law, there is a time limit for action by the Council, shall at the last stated meeting of the Council preceding the expiration of such time limit, be deemed to be discharged from further consideration by the committee and its subcommittees; provided, however, that the provisions of this sentence shall not apply to those matters that are reviewed by the Council (i) pursuant to section 195 of the City Charter or (ii) by virtue of a resolution under section 197-d(b)(3) of the City Charter other than a resolution adopted pursuant to section 11.20(c) of these rules. The Land Use Committee may be discharged from further consideration of any matter referred to the committee pursuant to Section 11.20 that is not subject to the automatic discharge provision of the preceding sentence by a majority vote of the Council. A member of the Council shall give written notice, at least five business days in advance, to the chair of the Land Use Committee and the Speaker of the intention to move at the next Council meeting for the discharge of any such matter. Such notice shall be accompanied by a memorandum in support of the motion to discharge, which shall be signed by at least nine members. A proposed resolution on any matter that has been discharged from the committee shall not be voted upon at the same meeting at which the vote on the motion to discharge occurred unless a time limit for Council action under the City Charter would expire prior to the next stated meeting.

b. Upon discharge from the Land Use Committee, the Council may close the record of the public hearing on the matter discharged if the record has not been closed by the committee.

11.70. Modifications of City Planning Commission Actions - a. The word "modification" as used in this section shall mean a change in the language of a resolution of the City Planning Commission that is subject to review by the Council pursuant to section 197-d of the City Charter. A "modification" need not include minor changes to such a resolution.

b. Either the Council or the Land Use Committee may file with the City Planning Commission a proposed modification pursuant to section 197-d(b) of the City Charter. Such a modification filed by the committee shall be filed only upon the affirmative vote of not less than a majority of its members.

c. The Land Use Committee and the Council may take action with respect to a modification filed with the City Planning Commission not less than fifteen days after the date the modification is filed with the City Planning Commission unless the Council has received from

the Commission a written statement indicating that a majority of the members of the Commission have made one of the findings listed below, together with the reasons therefor:

(i) the proposed modification may result in significant adverse environmental effects that (A) have not been addressed in the environmental review of the application, (B) are required to be addressed under the State Environmental Quality Review Act prior to approval of the proposed modification, and (C) cannot be addressed in the time period remaining for action by the Council under the City Charter; or

(ii) the proposed modification so significantly alters the matter under consideration that the City Charter requires the initiation of a new land use review process pursuant to section 197-c of the City Charter.

Any statement filed by the City Planning Commission pursuant to this section shall fully set forth the reasons for each finding pursuant to clauses (i) and (ii) above. If a modification includes a number of distinct changes to a Commission resolution, any such statement of the Commission shall include separate detailed findings with respect to each such change.

11.80. Action by Resolution - The Council shall act by resolution with respect to all matters subject to review by the Council pursuant to chapters 8, 14, 29 and 74 of the City Charter.

11.90. Time Provisions - If the expiration of a time period for Council action set forth in chapter 8, 14, 29 or 74 of the City Charter falls on a Saturday, Sunday or legal holiday, the expiration date shall be deemed extended until the next working day.

11.100. Conflicts with Rules of the Council - In the event of a conflict between the Rules of the Land Use Committee in this chapter XI and the other chapters of these Rules, this chapter XI shall govern with respect to the Land Use Committee and its subcommittees.

# EXHIBIT B

Case 1:07-cv-06154-WHP    Document 1-4    Filed 06/29/2007    Page 8 of 10



THE COUNCIL
OF
THE CITY OF NEW YORK
CITY HALL
NEW YORK, N.Y. 10007

CHARLES E. MEARA
CHIEF OF STAFF

Telephone
212-788-7210

<u>Privileged and Confidential</u>

June 28, 2007

Ms. Viola Plummer
189-14 117th Road
St. Albans, NY 11412

Re: Notice of Suspension

Dear Ms. Plummer:

I am writing to you on behalf of the Speaker of the New York City Council. As a result of your disruptive actions at the Council's Stated Meeting on May 30, 2007, and the threatening statements you made later that day regarding Council Member Leroy Comrie, you are suspended without pay from employment at the Council for a period of six weeks, from June 29, 2007, through August 10, 2007.

All employees of the Council are to conduct themselves in a professional manner. As long as you are employed at the Council, you may not engage in disorderly or disruptive conduct at Council Stated and Committee meetings, and you must abide by any and all directions of the Chair of such meeting or a sergeant-at-arms at such meeting either to the audience or to yourself. Further, you must refrain from using threatening, intimidating, harassing, obscene or abusive language toward any Council Member, Council staff or while acting in your official capacity, or be uncivil or discourteous toward any Council Member, Council staff or while acting in your official capacity.

Your failure to adhere to these requirements or the occurrence of any other misconduct will result in your immediate dismissal.

Ms. Viola Plummer
June 28, 2007
Page Two


      If I do not receive a copy of this letter signed by you agreeing to its terms no later than 5:00 p.m. July 3, 2007, you will be terminated. If you have any questions concerning this matter, please contact Noran Camp in the Office of the General Counsel at (212) 788-6882.

                                                    Very truly yours,

                                                    Charles Meara
                                                  Chief of Staff


I have received a copy of this letter and agree to its terms.


_____        Dated:    _____
Viola Plummer