UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

VIOLA PLUMMER

                                          Plaintiff,    **AFFIDAVIT OF**
                     -against-                                  **CARL D'ALBA**

CHRISTINE C. QUINN, Speaker of the City Council    Civ. Action No. 07 CV ___

                                             Defendant.

-------------------------------------------------------------x

STATE OF NEW YORK   )
                                 S.S.
COUNTY OF NEW YORK )

        CARL D'ALBA, being duly sworn, hereby states under the penalties of perjury that:

        1. I am the Director of Security for the Council of the City of New York (the "Council"). I have been employed by the Council as the Director of Security for approximately one year. Included in my responsibilities is that of maintaining decorum during Stated Meetings of the full Council. I also am responsible for supervising the Council's sergeants-at-arms, who assist me in maintaining decorum during Council Stated meetings and who are responsible for maintaining decorum at hearings conducted by Council committees.

        2. Prior to becoming the Director of Security for the Council, I served as a member of the New York City Police Department ("NYPD") from 1984 to 2005. From 2002 through 2005, I was assigned to the NYPD security detail for then-Council Speaker Gifford Miller.

        3. I was present, in my official capacity, for the Stated Meeting held in the Council Chambers on May 30, 2007. Among the items on the legislative calendar was a bill to co-name numerous streets in the City. An amendment to be considered by the Council would add Sonny Carson's name to the bill, co-naming a street in Brooklyn, NY. This amendment was expected to generate heated debate.

        4. In anticipation of the heated debate and possible disruption in the Council, the Speaker instructed me to maintain order but also to avoid, if at all possible,

Plummer, the plaintiff and a Chief of Staff for Council Member Charles Barron, repeatedly act in a disruptive manner. Ms. Plummer repeatedly interrupted the proceedings by yelling very loudly while council members addressed the Council. For example, Ms. Plummer loudly referred to Speaker Christine Quinn as a "liar" and, in response to comments made by Council Member Michael Nelson, Ms. Plummer yelled very loudly words to the effect of "that's a lie." Her disorderly and unruly behavior interfered with the orderly proceedings of the Council.

6. As a result of Ms. Plummer's disruptive conduct, I approached her and directly asked her to stop disrupting the meeting. Ms. Plummer ignored my instructions and continued to act in a disruptive manner.

7. No other person employed by the Council acted in a manner similar to Ms. Plummer during the May 30, 2007 Stated Meeting.

8. As the Director of Security and previously as a member of Speaker Miller's security detail, I have attended almost all of the Stated Meetings since 2002. At no point during any Stated Meeting (or other Council proceeding) that I attended have I observed any person employed by the Council (other than Ms. Plummer) act in a manner similar to Ms. Plummer's conduct during the May 30, 2007 Stated Meeting.

9. Immediately following the May 30, 2007 Stated Meeting, Ms. Plummer, while on or around the steps of City Hall, reportedly stated of Council Member Leroy Comrie that, "If it takes assassination of his ass, he will not be a borough president in the borough where I live."

10. As a result of Ms. Plummer's conduct at the Stated Meeting on May 30, 2007 and her comments after the meeting about Council Member Comrie, my staff and I have had to handle additional disruptive situations and take additional safety precautions.

11. For example, approximately two days after the May 30, 2007 Stated Meeting, a sergeant-of-arms reported to me that he interceded between Ms. Plummer and Council Member Comrie after Ms. Plummer called Council Member Comrie derisive names. This incident occurred on or about June 1, 2007 on the eighteenth floor of 250 Broadway, where Council Members Comrie and Barron both have offices.

12. In addition, I have had to respond to security threats to Council

Member Charles Barron that resulted from Ms. Plummer's conduct. I have also responded to there being threatening flyers plastered on the outside of Council Member Barron's district office by persons who apparently were displeased by Ms. Plummer's conduct. Consequently, I personally have been in ongoing, almost daily contact with Council Member Barron about his personal security and the security of his office.

13. In response to a breach of security at Council Member Comrie's home a few days after the May 30, 2007 Stated Meeting and Ms. Plummer's reported assassination threat, I also have been in ongoing, almost daily contact with Council Member Comrie about his personal security and the security of his office and home. We have discussed, among other actions, whether Council Member Comrie intended to file a complaint against Ms. Plummer with the NYPD.

14. In sum, Ms. Plummer's acts at the Council's May 30, 2007 Stated Meeting and her reported assassination threat disrupted the effective functioning of the Council proceedings on May 30, 2007; resulted in further disruption after May 30, 2007; and required additional security precautions.

15. Based upon my professional experience, I believe that if a preliminary injunction is entered, Ms Plummer will engage in further disruptive conduct that would require additional expenditure of time by security personnel and additional security precautions and further disrupt the effective functioning of the Council. I note that my belief is based, in part, on the fact that, prior to May 30, 2007, I observed Ms. Plummer act in a disruptive manner at Council committee hearings.

_____
CARL D'ALBA

Sworn to before me
this 3rd day of July 2007

_____
NOTARY PUBLIC

REGINALD GUITEAU
COMMISSIONER OF DEEDS, CITY OF NEW YORK
NO. 4-6846
CERT. FILED IN NEW YORK COUNTY
COMMISSION EXPIRES 3-1-09