UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

VIOLA PLUMMER,

                                         Plaintiff,  **ANSWER**

            -against-                            07 Civ. 6154 (WHP)

CHRISTINE QUINN, Speaker of the City Council,

                                         Defendant.

------------------------------------------------------------------------ x

        Defendant Christine Quinn, by her attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for her answer to the complaint, respectfully alleges as follows:

        1. Denies the allegations set forth in paragraph 1 of the complaint, except admits that plaintiff was employed as a Councilmanic Aide from September 2005 though July 9, 2007 and that by letter dated June 28, 2007, plaintiff was informed that she was suspended without pay for six weeks and that the records of the City Council indicate that plaintiff was born the United States, and denies knowledge or information sufficient to form a belief as to the allegations concerning plaintiff's national origin or her current residence.

        2. Denies the allegations set forth in paragraph 2 of the complaint.

        3. Denies the allegations set forth in paragraph 3 of the complaint.

        4. Denies the allegations set forth in paragraph 4 of the complaint.

        5. Denies the allegations set forth in paragraph 5 of the complaint, except admits that plaintiff purports to proceed in this Court as set forth therein.

6. Denies the allegations set forth in paragraph 6 of the complaint, except admits that plaintiff purports to proceed in this Court as set forth therein.

7. Denies the allegations set forth in paragraph 7 of the complaint, except admits that plaintiff was employed as a Councilmanic Aide from September 2005 though July 9, 2007 and that the records of the City Council indicate that plaintiff was born the United States, and denies knowledge or information sufficient to form a belief as to the allegations concerning plaintiff's national origin or her current residence.

8. Admits the allegations set forth in paragraph 8 of the complaint.

9. Denies the allegations set forth in paragraph 9 of the complaint, except admits that plaintiff was employed as a Councilmanic Aide from September 2005 though July 9, 2007 and that the records of the City Council indicate that plaintiff was born the United States, and denies knowledge or information sufficient to form a belief as to the allegations concerning plaintiff's national origin or her current residence.

10. Denies the allegations set forth in paragraph 10 of the complaint and respectfully refers the Court to Chapter 2 of the New York City Charter for a complete and accurate statement of the legal status of the New York City Council.

11. Admits the allegations set forth in paragraph 11 of the complaint.

12. Admits the allegations set forth in paragraph 12 of the complaint.

13. Denies the allegations set forth in paragraph 13 of the complaint, and respectfully refers the Court to the Rules of the City Council for a complete and accurate statement of their contents.

14. Admits the allegations set forth in paragraph 14 of the complaint.

15. Denies the allegations set forth in paragraph 15 of the complaint and affirmatively states that Council Member Charles Barron abstained from the January 2006 vote for City Council Speaker.

16. Denies the allegations set forth in paragraph 16 of the complaint, except admits that the certain staff members a Council Member are paid from the budget allocated to that particular member.

17. Denies the allegations set forth in paragraph 17 of the complaint.

18. Denies the allegations set forth in paragraph 18 of the complaint, and affirmatively states that defendant was not Speaker of the City Council at the time plaintiff's hire was approved.

19. Denies the allegations set forth in paragraph 19 of the complaint, except admit that a proposal to co-name four blocks of Gates Avenue in Brooklyn after Sonny Abubadika Carson was submitted by Council Member Vann after being forwarded by Community Board 3.

20. Denies the allegations set forth in paragraph 20 of the complaint, except admits that Sonny Carson's name was submitted for consideration as a street name.

21. Denies the allegations set forth in paragraph 21 of the complaint.

22. Denies the allegations set forth in paragraph 22 of the complaint.

23. Denies the allegations set forth in paragraph 23 of the complaint.

24. Admits the allegations set forth in paragraph 24 of the complaint.

25. Denies the allegations set forth in paragraph 25 of the complaint.

26. Denies the allegations set forth in paragraph 26 of the complaint.

27. Denies the allegations set forth in paragraph 27 of the complaint, except admits that the amendment was defeated by a vote of 15 for, 25 against and seven abstentions.

28. Denies the allegations set forth in paragraph 28 of the complaint.

29. Denies the allegations set forth in paragraph 29 of the complaint, and respectfully refers the Court to the newspaper accounts referred to therein for a complete and accurate statement of their contents.

30. Denies the allegations set forth in paragraph 30 of the complaint, and respectfully refers the Court to the newspaper article referred to therein for a complete and accurate statement of its contents.

31. Denies the allegations set forth in paragraph 31 of the complaint, except admits that a meeting between Speaker Quinn and Council Member Barron and/or plaintiff was not arranged.

32. Denies the allegations set forth in paragraph 32 of the complaint, and respectfully refers the Court to Chief of Staff Charles Meara's June 28, 2007 letter to Viola Plummer for a complete and accurate statement of its contents.

33. Denies the allegations set forth in paragraph 33 of the complaint, and respectfully refers the Court to Chief of Staff Charles Meara's June 28, 2007 letter to Viola Plummer for a complete and accurate statement of its contents.

34. Denies the allegations set forth in paragraph 34 of the complaint.

35. Denies the allegations set forth in paragraph 35 of the complaint.

36. In response to paragraph 36 of the complaint, defendant repeats and realleges her responses to paragraphs 1 through 35 of this answer as if fully set forth herein.

37. Denies the allegations set forth in paragraph 37 of the complaint.

38. In response to paragraph 38 of the complaint, defendant repeats and realleges her responses to paragraphs 1 through 37 of this answer as if fully set forth herein.

39. Denies the allegations set forth in paragraph 39 of the complaint.

40. Denies the allegations set forth in paragraph 40 of the complaint.

41. Denies the allegations set forth in paragraph 41 of the complaint.

42. In response to paragraph 42 of the complaint, defendant repeats and realleges her responses to paragraphs 1 through 41 of this answer as if fully set forth herein.

43. Denies the allegations set forth in paragraph 43 of the complaint.

44. Denies the allegations set forth in paragraph 44 of the complaint.

45. Denies the allegations set forth in paragraph 45 of the complaint.

46. Denies the allegations set forth in paragraph 46 of the complaint.

47. Denies the allegations set forth in paragraph 47 of the complaint.

48. Denies the allegations set forth in paragraph 48 of the complaint.

49. In response to paragraph 49 of the complaint, defendant repeats and realleges her responses to paragraphs 1 through 48 of this answer as if fully set forth herein.

50. Denies the allegations set forth in paragraph 50 of the complaint.

51. Denies the allegations set forth in paragraph 51 of the complaint.

52. In response to paragraph 52 of the complaint, defendant repeats and realleges her responses to paragraphs 1 through 51 of this answer as if fully set forth herein.

53. Denies the allegations set forth in paragraph 53 of the complaint.

54. Denies the allegations set forth in paragraph 54 of the complaint.

55. Denies the allegations set forth in paragraph 55 of the complaint.

56. Denies the allegations set forth in paragraph 56 of the complaint.

57. Denies the allegations set forth in paragraph 57 of the complaint.

58. In response to paragraph 58 of the complaint, defendant repeats and realleges her responses to paragraphs 1 through 57 of this answer as if fully set forth herein.

59. Denies the allegations set forth in paragraph 59 of the complaint.

60. Denies the allegations set forth in paragraph 60 of the complaint.

61. Denies the allegations set forth in paragraph 61 of the complaint.

62. In response to paragraph 62 of the complaint, defendant repeats and realleges her responses to paragraphs 1 through 61 of this answer as if fully set forth herein.

63. Denies the allegations set forth in paragraph 63 of the complaint.

64. Denies the allegations set forth in paragraph 64 of the complaint.

**FOR A FIRST DEFENSE:**

65. The complaint fails to state a claim upon which relief can be granted.

**FOR A SECOND DEFENSE:**

66. Defendant is immune from suit under the doctrines of absolute and/or qualified immunity.

**FOR A THIRD DEFENSE:**

67. Plaintiff's state law claims are barred by her failure to file a notice of claim.

- 7 -

**WHEREFORE,** defendant requests judgment dismissing the complaint and denying all relief requested therein together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
        July 18, 2007

                                      MICHAEL A. CARDOZO
                                    Corporation Counsel of the City of New York
                                    Attorney for City Defendants
                                    100 Church Street, Room 2-104
                                    New York, New York 10007
                                    (212) 788-0885

By: _____
      Eric Eichenholtz
      Assistant Corporation Counsel

## DECLARATION OF SERVICE BY MAIL

I, Eric Eichenholtz, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on July 18, 2007, I served the annexed ANSWER upon the attorney for the plaintiff by causing a copy of same, enclosed in a first class postpaid properly addressed wrapper, to be deposited in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

Roger S. Wareham, Esq.
394 Putnam Avenue
Brooklyn, New York 11276


Dated:    New York, New York
          July 18, 2007

_____
ERIC EICHENHOLTZ
SENIOR COUNSEL

Docket No. 07 Civ. 6154 (WHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIOLA PLUMMER,

Plaintiff,

-against-

CHRISTINE QUINN, Speaker of the City Council,

Defendant.

**ANSWER**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Eric Eichenholtz*
*Tel: (212) 788-0885*
*Matter No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................, 200......*

*.................................................................... Esq.*

*Attorney for ..........................................................*