## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

E C F

VIOLA PLUMMER )  CIV. ACTION NO.07 CV6154
)  (WHP)
    Plaintiff )  DEMAND FOR JURY TRIAL
)
vs. )
)
CHRISTINE QUINN, Speaker of the )
City Council )
)
    Defendant )

### AMENDED COMPLAINT

### I. PRELIMINARY STATEMENT

1.      The Plaintiff, Mrs. Viola Plummer, is a U.S.-born female of African descent, residing in Queens, New York. She has been employed as Chief of Staff to City Councilman Charles Barron since September 2005. Plaintiff is bringing this action because the defendant, acting individually and in her official capacity has discriminated against her by harassing her, by denying her equal protection in her employment for engaging in protected First Amendment activity. Defendant has retaliated against Mrs. Plummer and acted beyond her authority as Speaker of the Council by first suspending and then terminating Mrs. Plummer as chief of staff under the belated pretext of a disciplinary matter and of a "threatening" statement allegedly made by plaintiff. Such ultra vires actions by defendant violate Plaintiff's right to substantive due process and equal protection. On information and belief, Defendant has subjected Mrs. Plummer to terms and conditions of employment different than those applied to white employees, by subjecting her to


RECEIVED
JUL 23 2007
U.S.D.C. S.D. N.Y.
CASHIERS

harassment, suspending her without pay for six weeks, and by terminating her employment without adequate grounds and without affording her due process.

2.    By terminating Plaintiff in an arbitrary and capricious manner, defendant violated the due process clauses of the Fourteenth Amendment of the United States Constitution.

3.    By engaging in acts of intentional race discrimination, retaliation and unlawful harassment in the workplace against Mrs. Plummer, the defendant has violated her constitutional rights to equal protection under the law. By further using her administrative power as speaker of the City Council in retaliating against Mrs. Plummer to harass and terminate her employment without just cause, for the exercise of her right to free speech under the First Amendment, the defendant has violated her rights under 42 U.S.C. sec. 1983 and the laws of the State of New York.

4.    The Plaintiff seeks declaratory and injunctive relief and damages for defendant's unlawful actions.

## II. JURISDICTION

5.    Plaintiff brings this action pursuant to 42 U.S.C. sec.1983. This Court has jurisdiction over the claims presented in this action pursuant to 28 U.S.C. sec. 1331 and 1343(a)(3) and (4).

6.    Plaintiff's claim for declaratory relief is authorized by 28 U.S.C. sec. 2201 and 2202. The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. sec. 1367.

## III. PARTIES

7.    The Plaintiff, Mrs. Viola Plummer, is a 70-year-old, U.S.-born female of African descent, residing in Queens, New York. She has been employed as Chief of Staff for City Councilman Charles Barron since September 2005.

8.    Defendant Christine Quinn is a member of the City Council elected from the County of New York. In January, 2006, she was elected Speaker of the City Council by a majority of the members.

## IV. STATEMENT OF FACTS

9.    The Plaintiff, Mrs. Viola Plummer, is a 70-year-old, U.S.-born female of African descent, residing in Queens, New York who was hired by and has been employed as Chief of Staff for City Councilman Charles Barron since September 2005

10.    The City Council of the City of New York is a legislative body established under the New York City Charter (Chapter 2, sec. 21).

11.    The City Council is composed of 51 elected members from around New York City.

12.    25 members of the City Council are Black, Latino or Asian; 26 are white.

13.    The rules of the City Council provide that "[T]he Council shall elect from its members a Speaker…" [Exhibit 1, Rule 2.00]

14.    In January, 2006, Christine Quinn was elected as Speaker of the Council.

15.    City Councilmember Charles Barron did not vote for defendant Quinn.

16.    Each City Council member selects and hires his/her own staff, whose salary is paid from the budget allocated to that member.

17.    The Speaker of the City Council has no legal authority, under the New York City Charter or the Rules of the City Council, over the selection, hiring or firing of individual City Council member's staff.

18.    Defendant Quinn had no role in the selection or hiring of Mrs. Plummer by Councilmember Barron.

19.    In April of 2007, Councilmember Albert Vann submitted a proposal, forwarded to him by Community Board 3, to co-name four blocks of Gates Avenue in the Bedford-Stuyvesant section of Brooklyn after "Sonny Abubadika Carson" an African-American political activist and Black Nationalist, who had devoted his adulthood to the struggle against racism and towards improving the quality of life for Black people in New York City.

20.    Mr. Carson's name was submitted along with 51 other names proposed by Councilmembers around the City.

21.    The City Council votes twice yearly on street co-namings.

22.    On information and belief, until April of this year, the names submitted by Councilmembers had been always approved by the Council.

23.    In April of this year, Defendant Quinn took the unprecedented action of inserting, on information and belief, her own personal racist views into the process of street co-naming by using her power and influence as Speaker of the Council to have Sonny Carson's name deleted from the list of names to be voted on by the Council.

24.    On May 30, 2007, following City Council rules, Councilmember Vann submitted an amendment to include Sonny Carson's name among those to be considered for approval by the full Council.

25.    On information and belief, prior to the submission of the Vann amendment, defendant Quinn had once again used her position as Speaker to ensure defeat of the amendment.

26.    City Councilmember Barron stated prior to the vote that he believed that defendant Quinn already had all the votes in place to defeat the amendment and that racism was the basis of the opposition to the street naming.

27.    After other speakers, both pro and con, addressed the issue, the Vann amendment was defeated by a vote of 15 (for), 25 (against), 7 (abstentions). 24 of the 25 white city councilmembers voted against the amendment. 14 of the 15 votes in favor were members of the Black, Latino and Asian Caucus.

28.    During the debate and vote, spontaneous comments arose from all parts of the floor and gallery of the City Council chambers. At no time during the debate did the presiding officer, Public Advocate Betsy Gotbaum, direct the Sergeant-at-Arms to remove anyone from the chamber due to either their words or their conduct, nor did she direct the Council chamber to be cleared.

29.    In the early weeks of June, local New York City newspapers reported that defendant Quinn was exploring ways of firing Mrs. Plummer for a comment she made concerning the future political aspirations of Councilmember Leroy Comrie. The comment was made outside of City Hall after the May 30th City Council meeting by Mrs. Plummer in her individual capacity as a political activist, not as a staff member to Councilmember Barron.

30.    On June 26, 2007, the New York Sun reported that defendant Quinn was planning to take imminent action against Mrs. Plummer and would have a meeting with her and Councilmember Barron on June 27th, before the stated meeting of the full council

31.    Mrs. Plummer and Councilmember Barron were never contacted regarding a meeting with defendant Quinn and nothing was broached at the stated meeting of June 27th, where all three were present.

32.     Between May 30 and June 28, 2007, Plaintiff carried out her normal work responsibilities for Councilmember Barron which included daily work at the offices at 250 Broadway as well as attendance at Committee and Stated Meetings of the Council without incident.

33.     On June 28, 2007, at approximately 4:45 p.m. a letter, written on defendant Quinn's behalf by her chief of staff, Charles Meara, was hand-delivered to Mrs. Plummer at her home. It stated, in part, that "*[A]s a result of your disruptive actions at the Council's Stated Meeting on May 30, 2007, and the threatening statements you made later that day regarding Councilmember Leroy Comrie, you are being suspended without pay from employment at the Council for a period of six weeks, from June 29, 2007 to August 10, 2007.*" [Exhibit 2]

34.     The letter further stated that if Mrs. Plummer failed to agree to the terms set out by 5 p.m on July 3, 2007 , she would be terminated.

35.     Mrs. Plummer was never formally or informally presented with charges concerning her alleged acts, nor given a chance to affirm, explain, deny or challenge them.

36.     At all times stated herein, Plaintiff was a competent, loyal and dedicated employee. At all times relevant to this lawsuit, Plaintiff met her employer's, i.e. Councilmember Barron's, legitimate job expectations.

37.     Following the initiation of the instant lawsuit and a hearing before Judge Pauley on July 3, 2007, defendant, on July 5, 2007,  presented Plaintiff with a "revision" of the June 28th letter. Which stated in part:  "*As a result of your disruptive actions at the Council Stated Meeting on May 30, 2007, and the statements you made later that day regarding Council Member Leroy Comrie, you have been suspended without pay from employment at*

*the City Council for a period of six weeks…"* [emphasis added]. The letter went on to proscribe future conduct of the Plaintiff, i.e. : " *As a staff member and employee of the Council, you may not engage in disorderly or disruptive conduct at Council Stated and Committee meetings and you must abide by any and all directions of the Presiding Officer of such meetings either to the audience or to you yourself. You must also follow the Sergeant-at-Arms's instructions to maintain order and decorum. Further, you must refrain from using language towards any Council Member of Council staff that threatens bodily harm."* The leter ends, "*If I do not receive a copy of this letter signed by you no later than 5:00 pm Friday, July 6, 2007, your employment as a staff member of the Council will be terminated.*" [Exhibit 3] The Plaintiff refused to sign the letter.

38.    On July 9, 2007, defendant, through her chief of staff, sent plaintiff a letter terminating her employment effective that day. [Exhibit 4].

39.   On information and belief, the Speaker has never suspended and/or terminated the staff member of an individual council member for the conduct which defendant attributes to plaintiff. This action was taken arbitrarily, capriciously and outside the legal authority of the defendant.

40.    On information and belief, the defendant took this action against Mrs. Plummer because of her race and her First Amendment protected speech.


## V. CLAIMS FOR RELIEF

### First Claim for Relief - Infringement of First Amendment Rights

41.    Paragraphs 1-40 are incorporated by reference.

42.    Plaintiff has a right pursuant to the First Amendment to the United States Constitution to speak freely about her views on matters involving politics and race. Defendant's actions were an attempt to inhibit or retaliate against the Plaintiff's speech on such matters

43.    The Plaintiff was suspended and subsequently terminated from her position for the exercise of her right of free speech, protected under the First Amendment to the United States Constitution. The termination was in retaliation for the Plaintiff's exercise of protected free speech on matters of public concern.


## Second Claim for Relief - Violation of Substantive Due Process and Liberty

44.    Paragraphs 1-43 are incorporated by reference.

45.    Through defendant's arbitrary, capricious, retaliatory and, ultimately, ultra vires, practices, defendant's conduct  contravened the doctrine of substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

46.    Taken in combination, the defects alleged in this Complaint constitute a denial of due process under the Fourteenth Amendment to the United States Constitution.


## Third Claim for Relief – Equal Protection

47.    Paragraphs 1-46 are incorporated by reference.

48.    Defendant has employed a gross abuse of power, unfair procedures and disparate treatment in her treatment of plaintiff. By engaging in acts of intentional violations of Plaintiff's constitutional rights, racial discrimination, harassment and retaliation against Mrs. Plummer, by denying Plaintiff equal enjoyment of all benefits, privileges, terms and

conditions of employment, the named defendant has violated plaintiff's rights under 42 U.S.C. sec. 1983 the Due Process Clause and the Equal Protection Clause to the United States Constitution.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this matter.

2. Issue a declaratory judgment that:

a. The defendant has: in suspending and then terminating Mrs. Plummer, acted beyond the powers legally delegated to her; illegally retaliated against Mrs. Plummer for the proper exercise of her right to free speech under the First Amendment to the Constitution of the United States; discriminated against Mrs. Plummer on the basis of her race by, on information and belief, treating white staff members more leniently than Mrs. Plummer in terms of employment conditions and discharge from employment for alleged offenses of comparable seriousness, by employing administrative discretion in a discriminatory manner to terminate plaintiff's employment because of her race and exercise of protected activities.

Defendant's' acts of intentional racial discrimination and unlawful harassment and retaliation in the workplace against Mrs. Plummer violated 42 U.S.C. Sec 1983, the First and Fourteenth Amendments to the United States Constitution.

3. Enter preliminary and permanent injunctions requiring that defendant:

a. Immediately reinstate Plaintiff to her position as chief of staff to Councilmember Charles Barron, and/or,

b. Pay to plaintiff forthwith monetary damages to compensate her for the loss of wages, social security, and fringe benefits, with interest from the dates when said sums were due until the judgment is paid;

c. her officers, agents, successors, employees, attorneys and assigns and other representatives, and all those persons acting in concert with them and at their discretion, cease engaging in any act of deprivation of civil rights or employment discrimination against Mrs. Plummer.

d. cease from engaging in personnel activities beyond those legally delegated to her as Speaker of the City Council.

4.  Award Mrs. Plummer actual and compensatory damages in the amount of $500,000 against the defendant; and punitive damages in the amount of $500,000 against the defendant.

5. Award Mrs. Plummer reasonable attorneys fees and costs pursuant to 42 U.S.C. Sec. 1988.

6. Award Mrs. Plummer such other and further relief as justice may require.

**JURY DEMAND**

Plaintiff, Viola Plummer, hereby demands a trial by jury as to all issues.

PLAINTIFF

BY: _____

ROGER S. WAREHAM, Esq. (4751)
394 Putnam Avenue
Brooklyn, NY 11216
(718) 230-5270

# EXHIBIT 1

RULES OF THE COUNCIL

## CHAPTER I
## MEETINGS OF THE COUNCIL

1.00. Stated, Special - The Council shall hold no less than two stated meetings a month, unless otherwise ordered, except during the months of July and August. Such meetings shall be called by the Speaker. The first meeting in each year shall be the Charter Meeting, and shall be held on the first Wednesday after the first Monday of January at noon.

The Council may adjourn to a day other than that of a stated meeting and notice thereof shall be given to each member and the public by the Legislative Document Unit at least 24 hours before the set time.

Notice of such adjournment shall be given to the news media and shall be posted in a public location at City Hall.

A list of all items to be considered as a General Order by the Council at the stated or special meeting, together with copies of all such items, including memoranda in support or in opposition, if any, except for those items acted on by a committee convened on the day of or preceding a meeting of the Council, in which case copies of such items shall be made available as soon as practicable, and a list of titles of all proposed local laws and resolutions to be introduced at such meeting, where practicable, shall be provided to each member at least 36 hours prior to the call of all meetings.

## CHAPTER II
## SPEAKER: AND OTHER OFFICERS

2.00. Speaker; other Officers -The Council shall elect from among its members a Speaker, and such other officers as it deems appropriate. During absences, the Speaker may designate, in writing, any member to perform the duties of the Speaker for that legislative day.

2.10. Agenda - The Speaker shall compile an agenda for each stated, charter and special meeting of the Council and shall provide each member with a copy thereof. The agenda shall include all vetoes, messages from the Mayor or other City, county and borough officials, departments and agencies, other petitions and communications, and reports of subcommittees, special and standing committees. All matters which have been considered by a committee and reported out favorably or with amendments shall be listed in a section devoted to General Orders. A list of introductions of local laws and resolutions submitted for consideration to the Council and referred to a committee at such meeting, where practicable, shall be annexed.

General Orders are those proposed local laws, resolutions or other items of unfinished business requiring no further action by the Council, except to vote thereon. In the event any matters on the General Order Calendar of a particular meeting are not acted upon, they shall be

# EXHIBIT 2



THE COUNCIL
OF
THE CITY OF NEW YORK
CITY HALL
NEW YORK, N.Y. 10007

Telephone
212-788-7210

CHARLES E. MEARA
CHIEF OF STAFF

Privileged and Confidential

June 28, 2007

Ms. Viola Plummer
189-14 117th Road
St. Albans, NY 11412

Re:  Notice of Suspension

Dear Ms. Plummer:

I am writing to you on behalf of the Speaker of the New York City Council.  As a result of your disruptive actions at the Council's Stated Meeting on May 30, 2007, and the threatening statements you made later that day regarding Council Member Leroy Comrie, you are suspended without pay from employment at the Council for a period of six weeks, from June 29, 2007, through August 10, 2007.

All employees of the Council are to conduct themselves in a professional manner. As long as you are employed at the Council, you may not engage in disorderly or disruptive conduct at Council Stated and Committee meetings, and you must abide by any and all directions of the Chair of such meeting or a sergeant-at-arms at such meeting either to the audience or to yourself. Further, you must refrain from using threatening, intimidating, harassing, obscene or abusive language toward any Council Member, Council staff or while acting in your official capacity, or be uncivil or discourteous toward any Council Member, Council staff or while acting in your official capacity.

Your failure to adhere to these requirements or the occurrence of any other misconduct will result in your immediate dismissal.

Ms. Viola Plummer
June 28, 2007
Page Two

If I do not receive a copy of this letter signed by you agreeing to its terms no later than 5:00 p.m. July 3, 2007, you will be terminated. If you have any questions concerning this matter, please contact Noran Camp in the Office of the General Counsel at (212) 788-6882.

Very truly yours,

Charles Meara
Chief of Staff

I have received a copy of this letter and agree to its terms.

_____                Dated:    _____

Viola Plummer

# EXHIBIT 3



THE COUNCIL
OF
THE CITY OF NEW YORK
CITY HALL
NEW YORK, N.Y. 10007

**CHARLES E. MEARA**
**CHIEF OF STAFF**

Telephone
212-788-7210

<u>Confidential</u>

July 5, 2007

Ms. Viola Plummer
189-14 117th Road
St. Albans, NY 11412

Re:  Notice of Suspension

Dear Ms Plummer:

I am writing to you on behalf of the Speaker of the New York City Council. As a result of your disruptive actions at the Council's Stated Meeting on May 30, 2007, and the statements you made later that day regarding Council Member Leroy Comrie, you have been suspended without pay from employment at the City Council for a period of six weeks, effective June 29, 2007 through August 10, 2007.

All staff members of the Council are employees at will. Additionally, all employees are to conduct themselves in a professional manner. As a staff member and employee of the Council, you may not engage in disorderly or disruptive conduct at Council Stated and Committee meetings and you must abide by any and all directions of the Presiding Officer of such meetings either to the audience or to you yourself. You must also follow the sergeant-at-arms' instructions to maintain order and decorum. Further, you must refrain from using language towards any Council Member or Council staff that threatens bodily harm.

If I do not receive a copy of this letter signed by you no later than 5:00 pm Friday, July 6, 2007 your employment as a staff member of the Council will be terminated

Very truly yours,

Charles Meara
Chief of Staff

I have received a copy of this letter and agree to the terms reflected in the second paragraph.

_____          Dated:    _____

Viola Plummer

# EXHIBIT 4



**THE COUNCIL
OF
THE CITY OF NEW YORK
CITY HALL
NEW YORK, N.Y. 10007**

CHARLES E. MEARA
CHIEF OF STAFF

Telephone
212-788-7210

July 9, 2007

Ms. Viola Plummer
189-14 117th Road
St. Albans, NY 11412

Re:  Notice of Termination

Dear Ms Plummer:

This letter serves as notice that your employment as a staff member of the Council has been terminated effective today, July 9, 2007.

Very truly yours,

Charles Meara
Chief of Staff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x    ECF CASE

VIOLA PLUMMER,                                      x    **DEFENDANT'S CONSENT**
                                                         **TO FILING**
                          Plaintiff,                x    **OF AMENDED COMPLAINT**

          -against-                                 x

CHRISTINE QUINN, Speaker of the Council             x
of the City of New York,

                                                    x

                          Defendant.                     07 Civ. 6154 (WHP)
-------------------------------------------------------------------x


JULY 20, 2007


Defendant consents to the filing of the Amended Complaint in the above-captioned matter that
was presented to defendants by plaintiff on July 20, 2007. This consent should not be construed
as a waiver of any defenses defendant may have concerning the allegations and claims of the
complaint, nor should it be construed as an admission of the truth of any allegations in the
complaint, nor should it be construed as an admission that the claims asserted therein are
meritorious.


_____
          MICHAEL A. CARDOZO
          Corporation Counsel
          of the City of New York
          Attorney for Defendant
          by:  ERIC EICHENHOLTZ
               Assistant Corporation Counsel
          City of New York
          100 Church Street
          New York, NY 10007
          (212) 788-0885

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x    ECF CASE

VIOLA PLUMMER,                                    x    **DECLARATION OF**
                                                       **SERVICE OF AMENDED**
                    Plaintiff,                   x    **COMPLAINT**
          -against-                              x

CHRISTINE QUINN, Speaker of the Council          x
of the City of New York,
                                                 x
                    Defendant.                        07 Civ. 6154 (WHP)
-------------------------------------------------------------------x

I declare under penalty of perjury under the laws of the United States of America that I served

the Amended Complaint in this matter on _Soroyn Bonit, Intke, per_
_Michael Cardozo_

the Corporation Counsel of the City of New York, the attorney for Defendant Christine Quinn, on

Monday, July 23, 2007 at _1:22_ AM/PM, at their offices on 100 Church Street, New York,

NY 10007.

Executed on _7/23/07_                    _Regan B. Wau_
              Date                        Signature of Server

                              _394 Putnam Avenue_
                              Address of Server
                              _Bklyn, NY 11216_

**Docket #** 07 Civ. 6154 (WHP)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**VIOLA PLUMMER,**

                                              **Plaintiff,**

    **-against-**

**CHRISTINE QUINN, Speaker of the Council**
**of the City of New York,**

                                           **Defendant.**

---

**AMENDED COMPLAINT**

---

**ROGER S. WAREHAM**
**Attorney at Law**
**394 Putnam Avenue**
**Brooklyn, NY 11216**
**Tel: (718) 230-5270**

---

Due and Timely Service is hereby admitted.

New York, NY _____ , 2007

_____ , Esq.

Attorney for _____

---

2007 JUL 23  PM 1:23
CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL