UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

VIOLA PLUMMER,

                                    Plaintiff,    **ANSWER TO THE**
                                                  **AMENDED COMPLAINT**
                    -against-
                                                  07 Civ. 6154 (WHP)
CHRISTINE QUINN, Speaker of the City Council,

                                    Defendant.

----------------------------------------------------------------------- x


            Defendant Christine Quinn, by her attorney, Michael A. Cardozo, Corporation

Counsel of the City of New York, for her answer to the Amended Complaint (hereinafter

"complaint"), respectfully alleges as follows:

            1.    Denies the allegations set forth in paragraph 1 of the complaint, except admits

that plaintiff was employed as a Councilmanic Aide from September 2005 though July 9, 2007

and that by letter dated June 28, 2007, plaintiff was informed that she was suspended without pay

for six weeks and that the records of the City Council indicate that plaintiff was born the United

States, and denies knowledge or information sufficient to form a belief as to the allegations

concerning plaintiff's national origin or her current residence.

            2.    Denies the allegations set forth in paragraph 2 of the complaint.

            3.    Denies the allegations set forth in paragraph 3 of the complaint.

            4.    Denies the allegations set forth in paragraph 4 of the complaint.

            5.    Denies the allegations set forth in paragraph 5 of the complaint, except admits

that plaintiff purports to proceed in this Court as set forth therein.

6. Denies the allegations set forth in paragraph 6 of the complaint, except admits that plaintiff purports to proceed in this Court as set forth therein.

7. Denies the allegations set forth in paragraph 7 of the complaint, except admits that plaintiff was employed as a Councilmanic Aide from September 2005 though July 9, 2007 and that the records of the City Council indicate that plaintiff was born the United States and is approximately 70 years old, and denies knowledge or information sufficient to form a belief as to the allegations concerning plaintiff's national origin or her current residence.

8. Admits the allegations set forth in paragraph 8 of the complaint.

9. Denies the allegations set forth in paragraph 9 of the complaint, except admits that plaintiff was employed as a Councilmanic Aide from September 2005 though July 9, 2007 and that the records of the City Council indicate that plaintiff was born the United States and is approximately 70 years old, and denies knowledge or information sufficient to form a belief as to the allegations concerning plaintiff's national origin or her current residence.

10. Denies the allegations set forth in paragraph 10 of the complaint and respectfully refers the Court to Chapter 2 of the New York City Charter for a complete and accurate statement of the legal status of the New York City Council.

11. Admits the allegations set forth in paragraph 11 of the complaint.

12. Admits the allegations set forth in paragraph 12 of the complaint.

13. Denies the allegations set forth in paragraph 13 of the complaint, and respectfully refers the Court to the Rules of the City Council for a complete and accurate statement of their contents.

14. Admits the allegations set forth in paragraph 14 of the complaint.

15. Denies the allegations set forth in paragraph 15 of the complaint and affirmatively states that Council Member Charles Barron abstained from the January 2006 vote for City Council Speaker.

16. Denies the allegations set forth in paragraph 16 of the complaint, except admits that the certain staff members a Council Member are paid from the budget allocated to that particular member.

17. Denies the allegations set forth in paragraph 17 of the complaint.

18. Denies the allegations set forth in paragraph 18 of the complaint, and affirmatively states that defendant was not Speaker of the City Council at the time plaintiff's hire was approved.

19. Denies the allegations set forth in paragraph 19 of the complaint, except admit that a proposal to co-name four blocks of Gates Avenue in Brooklyn after Sonny Abubadika Carson was submitted by Council Member Vann after being forwarded by Community Board 3.

20. Denies the allegations set forth in paragraph 20 of the complaint, except admits that Sonny Carson's name was submitted for consideration as a street name.

21. Denies the allegations set forth in paragraph 21 of the complaint.

22. Denies the allegations set forth in paragraph 22 of the complaint.

23. Denies the allegations set forth in paragraph 23 of the complaint.

24. Admits the allegations set forth in paragraph 24 of the complaint.

25. Denies the allegations set forth in paragraph 25 of the complaint.

26. Denies the allegations set forth in paragraph 26 of the complaint.

27. Denies the allegations set forth in paragraph 27 of the complaint, except admits that the amendment was defeated by a vote of 15 for, 25 against and seven abstentions.

28. Denies the allegations set forth in paragraph 28 of the complaint.

29. Denies the allegations set forth in paragraph 29 of the complaint, and respectfully refers the Court to the newspaper accounts referred to therein for a complete and accurate statement of their contents.

30. Denies the allegations set forth in paragraph 30 of the complaint, and respectfully refers the Court to the newspaper article referred to therein for a complete and accurate statement of its contents.

31. Denies the allegations set forth in paragraph 31 of the complaint, except admits that a meeting between Speaker Quinn and Council Member Barron and/or plaintiff was not arranged.

32. Denies the allegations set forth in paragraph 32 of the complaint.

33. Denies the allegations set forth in paragraph 33 of the complaint, and respectfully refers the Court to Chief of Staff Charles Meara's June 28, 2007 letter to Viola Plummer for a complete and accurate statement of its contents.

34. Denies the allegations set forth in paragraph 34 of the complaint, and respectfully refers the Court to Chief of Staff Charles Meara's June 28, 2007 letter to Viola Plummer for a complete and accurate statement of its contents.

35. Denies the allegations set forth in paragraph 35 of the complaint.

36. Denies the allegations set forth in paragraph 36 of the complaint.

37. Denies the allegations set forth in paragraph 37 of the complaint, except admit that on July 5, 2007 a revised letter was presented to plaintiff and respectfully refer the Court to that July 5, 2007 letter for a complete and accurate statement of its contents.

38. Deny the allegations set forth in paragraph 38 of the complaint, except admit that plaintiff was terminated effective July 9, 2007 and respectfully refer the Court to the July 9, 2007 letter to plaintiff for a complete and accurate statement of its contents.

39. Deny the allegations set forth in paragraph 39 of the complaint.

40. Deny the allegations set forth in paragraph 40 of the complaint.

41. In response to paragraph 41 of the complaint, defendant repeats and realleges her responses to paragraphs 1 through 40 of this answer as if fully set forth herein.

42. Denies the allegations set forth in paragraph 42 of the complaint.

43. Denies the allegations set forth in paragraph 43 of the complaint.

44. In response to paragraph 44 of the complaint, defendant repeats and realleges her responses to paragraphs 1 through 43 of this answer as if fully set forth herein.

45. Denies the allegations set forth in paragraph 45 of the complaint.

46. Denies the allegations set forth in paragraph 46 of the complaint.

47. In response to paragraph 47 of the complaint, defendant repeats and realleges her responses to paragraphs 1 through 46 of this answer as if fully set forth herein.

48. Denies the allegations set forth in paragraph 48 of the complaint.

## FOR A FIRST DEFENSE:

49. The complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND DEFENSE:

50. Defendant is immune from suit under the doctrines of absolute and/or qualified immunity.

## FOR A THIRD DEFENSE:

51. Plaintiff's claims for front and/or back pay are barred by her failure to mitigate damages.

**WHEREFORE,** defendant requests judgment dismissing the complaint and denying all relief requested therein together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              August 7, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-104
                              New York, New York 10007
                              (212) 788-0885

                         By:  _____
                              Eric Eichenholtz
                              Assistant Corporation Counsel

Docket No.  07 Civ. 6154 (WHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIOLA PLUMMER,

Plaintiff,

-against-

CHRISTINE QUINN, Speaker of the City Council,

Defendant.

## ANSWER TO THE AMENDED COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:  Eric Eichenholtz*
*Tel:  (212) 788-0885*
*Matter No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. .................................... , 200...*

*.................................................... Esq.*

*Attorney for.....*