UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

VIOLA PLUMMER,

                                          Plaintiff,   **ANSWER TO THE SECOND AMENDED COMPLAINT**

                -against-

                                        07 Civ. 6154 (WHP)

CHRISTINE QUINN, Speaker of the City Council,
CITY OF NEW YORK,

                                          Defendant.

------------------------------------------------------------------- x

Defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Second Amended Complaint (hereinafter "complaint"), respectfully allege as follows:

    1. Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiff was employed as a Councilmanic Aide from September 2005 though July 9, 2007 and that by letter dated June 28, 2007, plaintiff was informed that she was suspended without pay for six weeks and that the records of the City Council indicate that plaintiff was born the United States, and Deny knowledge or information sufficient to form a belief as to the allegations concerning plaintiff's national origin or her current residence.

    2. Deny the allegations set forth in paragraph 2 of the complaint.

    3. Deny the allegations set forth in paragraph 3 of the complaint.

    4. Deny the allegations set forth in paragraph 4 of the complaint.

    5. Deny the allegations set forth in paragraph 5 of the complaint, except admit that plaintiff purports to proceed in this Court as set forth therein.

6. Deny the allegations set forth in paragraph 6 of the complaint, except admit that plaintiff purports to proceed in this Court as set forth therein.

7. Deny the allegations set forth in paragraph 7 of the complaint, except admit that plaintiff was employed as a Councilmanic Aide from September 2005 though July 9, 2007 and that the records of the City Council indicate that plaintiff was born the United States and is approximately 70 years old, and deny knowledge or information sufficient to form a belief as to the allegations concerning plaintiff's national origin or her current residence.

8. Admit the allegations set forth in paragraph 8 of the complaint.

9. Deny the allegations set forth in paragraph 9 of the complaint except admit that the City of New York is a municipal corporation organized under the laws of the state of New York and respectfully refer the Court to the New York City Charter and Administrative Code for a complete and accurate description of the functions of the City of New York.

10. Deny the allegations set forth in paragraph 10 of the complaint, except admit that plaintiff was employed as a Councilmanic Aide from September 2005 though July 9, 2007 and that the records of the City Council indicate that plaintiff was born the United States and is approximately 70 years old, and deny knowledge or information sufficient to form a belief as to the allegations concerning plaintiff's national origin, her current residence and whether she is a "well-known, life long political activist."

11. Deny the allegations set forth in paragraph 11 of the complaint, except admit that the City Council is a legislative body and respectfully refer the Court to Chapter 2 of the New York City Charter for its complete text and import.

12. Admit the allegations set forth in paragraph 12 of the complaint.

13. Admit the allegations set forth in paragraph 13 of the complaint.

14. Deny the allegations set forth in paragraph 14 of the complaint, and respectfully refers the Court to the Rules of the City Council for a complete and accurate statement of their contents.

15. Admit the allegations set forth in paragraph 15 of the complaint.

16. Deny the allegations set forth in paragraph 16 of the complaint, except admit that under the applicable law, each member of the City Council is limited in the amount of consecutive terms that member may serve.

17. Deny the allegations set forth in paragraph 17 of the complaint and affirmatively states that Council Member Charles Barron abstained from the January 2006 vote for City Council Speaker.

18. Deny the allegations set forth in paragraph 18 of the complaint, except admit that the certain staff members assigned to a specific Council Member are paid from the budget allocated to that particular member.

19. Deny the allegations set forth in paragraph 19 of the complaint.

20. Deny the allegations set forth in paragraph 20 of the complaint, and affirmatively states that defendant was not Speaker of the City Council at the time plaintiff's hire was approved.

21. Deny the allegations set forth in paragraph 21 of the complaint, except admit that a proposal to co-name four blocks of Gates Avenue in Brooklyn after Sonny Abubadika Carson was submitted by Council Member Vann after being forwarded by Community Board 3.

22. Deny the allegations set forth in paragraph 22 of the complaint, except admit that Sonny Carson's name was submitted for consideration as a street co-name.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. Deny the allegations set forth in paragraph 25 of the complaint.

26. Admit the allegations set forth in paragraph 26 of the complaint.

27. Deny the allegations set forth in paragraph 27 of the complaint.

28. Deny the allegations set forth in paragraph 28 of the complaint and respectfully refer the Court to the video tape recording and transcript of the May 30, 2007 stated meeting of the City Council for a complete and accurate statement of its contents.

29. Deny the allegations set forth in paragraph 29 of the complaint, except admit that the amendment was defeated by a vote of 15 for, 25 against and seven abstentions.

30. Deny the allegations set forth in paragraph 30 of the complaint, except admit that plaintiff shouted, among other things, "that's a lie" and "liar" during the speeches of, among others, Council Member Nelson and Speaker Quinn.

31. Deny the allegations set forth in paragraph 31 of the complaint, except admit that the Council chamber was not cleared on May 30, 2007.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. Deny the allegations set forth in paragraph 33 of the complaint, except admit that plaintiff made a remark about Council Member Comrie, specifically referring to "assassinating his 'ass.'"

34. Deny the allegations set forth in paragraph 34 of the complaint, and respectfully refers the Court to the newspaper accounts referred to therein for a complete and accurate statement of their contents.

35. Deny the allegations set forth in paragraph 35 of the complaint, and respectfully refers the Court to the newspaper article referred to therein for a complete and accurate statement of its contents.

36. Deny the allegations set forth in paragraph 36 of the complaint, except admit that a meeting between Speaker Quinn and Council Member Barron and/or plaintiff was not arranged.

37. Deny the allegations set forth in paragraph 37 of the complaint, except admit that plaintiff reported having worked at 250 Broadway between May 30 and June 28, 2007 in what were reportedly her normal work responsibilities.

38. Deny the allegations set forth in paragraph 38 of the complaint, and respectfully refers the Court to Chief of Staff Charles Meara's June 28, 2007 letter to Viola Plummer for a complete and accurate statement of its contents.

39. Deny the allegations set forth in paragraph 39 of the complaint, and respectfully refers the Court to Chief of Staff Charles Meara's June 28, 2007 letter to Viola Plummer for a complete and accurate statement of its contents.

40. Deny the allegations set forth in paragraph 40 of the complaint.

41. Deny the allegations set forth in paragraph 41 of the complaint.

42. Deny the allegations set forth in paragraph 42 of the complaint, except admit that on July 5, 2007 a revised letter was presented to plaintiff, that plaintiff did not sign the letter and respectfully refer the Court to that July 5, 2007 letter for a complete and accurate statement of its contents.

43. Deny the allegations set forth in paragraph 43 of the complaint, except admit that plaintiff was terminated effective July 9, 2007 and respectfully refer the Court to the July 9, 2007 letter to plaintiff for a complete and accurate statement of its contents.

44. Deny the allegations set forth in paragraph 44 of the complaint, except admit that plaintiff has volunteered for Council Member Barron since July 9, 2007 and deny knowledge and information sufficient to form a belief as to whether plaintiff was compensated by Council Member Barron for her time.

45. Deny the allegations set forth in paragraph 45 of the complaint.

46. Deny the allegations set forth in paragraph 46 of the complaint.

47. Deny the allegations set forth in paragraph 47 of the complaint.

48. Deny the allegations set forth in paragraph 48 of the complaint.

49. Deny the allegations set forth in paragraph 49 of the complaint, except admit that plaintiff has been removed from the payroll of the City of New York.

50. In response to paragraph 50 of the complaint, defendants repeat and reallege their responses to paragraphs 1 through 49 of this answer as if fully set forth herein.

51. Deny the allegations set forth in paragraph 51 of the complaint.

52. Deny the allegations set forth in paragraph 52 of the complaint.

53. In response to paragraph 53 of the complaint, defendants repeat and reallege their responses to paragraphs 1 through 52 of this answer as if fully set forth herein.

54. Deny the allegations set forth in paragraph 54 of the complaint.

55. Deny the allegations set forth in paragraph 55 of the complaint.

56. In response to paragraph 56 of the complaint, defendants repeat and reallege their responses to paragraphs 1 through 55 of this answer as if fully set forth herein.

57. Deny the allegations set forth in paragraph 57 of the complaint.

58. In response to paragraph 58 of the complaint, defendants repeat and reallege their responses to paragraphs 1 through 57 of this answer as if fully set forth herein.

59. Deny the allegations set forth in paragraph 59 of the complaint.

### FOR A FIRST DEFENSE:

60. The complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE:

61. Defendant Christine Quinn is immune from suit under the doctrines of absolute and/or qualified immunity.

### FOR A THIRD DEFENSE:

62. Plaintiff's claims for front and/or back pay are barred by her failure to mitigate damages.

**WHEREFORE,** defendants request judgment dismissing the complaint and denying all relief requested therein together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
             October 10, 2007

                       MICHAEL A. CARDOZO
                       Corporation Counsel of the City of New York
                       Attorney for Defendants
                       100 Church Street, Room 2-104
                       New York, New York 10007
                       (212) 788-0885

By: _____
                       Eric Eichenholtz
                       Assistant Corporation Counsel

Docket No. 07 Civ. 6154 (WHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIOLA PLUMMER,

Plaintiff,

-against-

CHRISTINE QUINN, Speaker of the City Council,
CITY OF NEW YORK

Defendants.

### ANSWER TO THE SECOND AMENDED COMPLAINT

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, N.Y. 10007

*Of Counsel: Eric Eichenholtz*
*Tel: (212) 788-0885*
*Matter No.*

*Due and timely service is hereby admitted.*

New York, N.Y. ................................. 200......

................................................... Esq.

*Attorney for.......................................*