Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIOLA PLUMMER<br><br>            Plaintiff<br>vs.<br><br>CHRISTINE QUINN, Speaker of the<br>City Council, CITY OF NEW YORK<br><br>            Defendants | CIV. ACTION NO.07 CV6154<br>(WHP)<br>DEMAND FOR JURY TRIAL |

## SECOND AMENDED COMPLAINT

### I. PRELIMINARY STATEMENT

1. The Plaintiff, Mrs. Viola Plummer, is a U.S.-born female of African descent, residing in Queens, New York. She has been employed as Chief of Staff to City Councilman Charles Barron since September 2005. Plaintiff Plummer is bringing this action because the defendant Christine Quinn, acting individually and in her official capacity, and the City of New York, have discriminated against her by harassing her, by denying her equal protection in her employment for engaging in protected First Amendment activity.

Defendant Quinn has retaliated against Mrs. Plummer and acted beyond her authority as Speaker of the Council by first suspending and then terminating Mrs. Plummer as chief of staff under the belated pretext of a disciplinary matter and of a "threatening" statement allegedly made by plaintiff concerning the plaintiff's elected representative. Such ultra vires actions by defendant Quinn violate Plaintiff's right to substantive due process and equal protection. On information and belief, Defendants have subjected Mrs. Plummer to terms and conditions of employment different than those applied to similarly situated

white employees, by subjecting her to harassment, suspending her without pay for six weeks, and by terminating her employment without adequate grounds and without affording her due process.

2. By terminating Plaintiff in an arbitrary and capricious manner, defendants violated the due process clause of the Fourteenth Amendment of the United States Constitution.

3. By engaging in acts of intentional race discrimination, retaliation and unlawful harassment in the workplace against Mrs. Plummer, the defendants have violated her constitutional rights to equal protection under the law. By further using her administrative power as speaker of the City Council in retaliating against Mrs. Plummer to harass and terminate her employment without just cause, for the exercise of her right to free speech under the First Amendment, defendant Quinn has violated her rights under 42 U.S.C. sec. 1983.

Defendants' acts have also violated plaintiff's rights under the laws and Constitution of the State of New York, to wit, Article I, sections 1, 8, and 11.

4. The Plaintiff seeks declaratory and injunctive relief and damages for defendants' unlawful actions.

## II. JURISDICTION

5. Plaintiff brings this action pursuant to 42 U.S.C. sec.1983 and 42 U.S.C. sec. 1973j(f) and the First and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction over the claims presented in this action pursuant to 28 U.S.C. sec. 1331 and 1343(a)(3) and (4).

6. Plaintiff's claim for declaratory relief is authorized by 28 U.S.C. sec. 2201 and sec. 2202. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. sec. 1367.

## III. PARTIES

7. Plaintiff Mrs. Viola Plummer is a 70-year-old, U.S.-born female of African descent, residing in Queens, New York. She has been employed as Chief of Staff for City Councilman Charles Barron since September 2005.

8. Defendant Christine Quinn is a member of the City Council elected from the County of New York. In January, 2006, she was elected Speaker of the City Council by a majority of its members.

9. Defendant CITY OF NEW YORK is a municipal entity created under the laws of the State of New York and authorized to carry out certain functions by the State of New York through its employees.

## IV. STATEMENT OF FACTS

10. Plaintiff Viola Plummer is a 70-year-old, U.S.-born female of African descent, residing in Queens, New York who is a well-known, life-long political activist and was hired by and has been employed as Chief of Staff for City Councilman Charles Barron since September 2005.

11. The City Council of the City of New York is a legislative body established under the New York City Charter (Chapter 2, sec. 21).

12. The City Council is composed of 51 elected members from around New York City.

13. 25 members of the City Council are Black, Latino or Asian; 26 are white

3

14. The rules of the City Council provide that "[T]he Council shall elect from its members a Speaker..." [Exhibit 1, Rule 2.00]

15. In January, 2006, Christine Quinn was elected as Speaker of the Council.

16. Christine Quinn is term limited in the City Council.

17. City Councilmember Charles Barron did not vote for defendant Quinn [as Speaker].

18. Each City Council member selects and hires his/her own staff, whose salary is paid from the budget allocated to that member.

19. The Speaker of the City Council has no legal authority, under the New York City Charter or the Rules of the City Council, over the selection, hiring or firing of individual City Council member's staff.

20. Defendant Quinn had no role in the selection or hiring of Mrs. Plummer by Councilmember Barron.

21. In April of 2007, Councilmember Albert Vann submitted a proposal, forwarded to him by Community Board 3, to co-name four blocks of Gates Avenue in the Bedford-Stuyvesant section of Brooklyn after "Sonny Abubadika Carson" an African-American political activist and Black Nationalist, who had devoted his adulthood to the struggle against racism and towards improving the quality of life for Black people in New York City.

22. Mr. Carson's name was submitted along with 51 other names proposed by Councilmembers around the City.

23. The City Council votes twice yearly on street co-namings.

4

24. Until April of 2007, the policy and practice of the Defendants and the City Council was to routinely accept and approve the names, even those socially objectionable, submitted by Councilmembers.

25. In April of 2007, Defendant Quinn abrogated this policy and practice by taking the unprecedented action of inserting, on information and belief, her own personal racist views into the process of street co-naming and using her power and influence as Speaker of the Council to have Sonny Carson's name deleted from the list of names to be voted on by the Council.

26. On May 30, 2007, following City Council rules, Councilmember Vann submitted an amendment to include Sonny Carson's name among those to be considered for approval by the full Council.

27. On information and belief, prior to the submission of the Vann amendment, defendant Quinn had once again used her position as Speaker to ensure defeat of the amendment.

28. City Councilmember Barron stated prior to the vote that he believed that defendant Quinn already had all the votes in place to defeat the amendment and that racism was the basis of the opposition to the street naming.

29. After other speakers, both for and against, addressed the issue, the Vann amendment was defeated by a vote of 15 (for), 25 (against), 7 (abstentions). 24 of the 25 white city councilmembers voted against the amendment. 14 of the 15 votes in favor were members of the Black, Latino and Asian Caucus.

30. During the debate and vote, spontaneous comments arose from all parts of the floor and gallery of the City Council chambers. Plaintiff Plummer shouted out "that's a lie" and "liar" in response to Councilmember Nelson and defendant Quinn, respectively, who she believed were making false comments about and were assassinating the character of her late friend and comrade in struggle Sonny Abubadika Carson.

31. At no time during the debate did the presiding officer, Public Advocate Betsy Gotbaum, direct the Sergeant-at-Arms to remove anyone from the chamber due to either their words or their conduct, nor did she direct the Council chamber to be cleared.

32. Following the completion of the May 30th Stated Council meeting, Plaintiff Plummer, in her status as a well-known political activist and life-long community organizer, gathered with a group of what she believed to be only community members in the plaza outside of City Hall to summarize the events which had just occurred.

33. Plaintiff Plummer commented that the failure of her elected representative, Councilmember Leroy Comrie, to keep his promise to the Black, Latino and Asian Caucus that he would vote for the Vann amendment meant for her that his aspiration to be Queens Borough President was over even if it meant assassinating "his ass." She went on to state that she was talking about "assassinating" his political career.

34. In the early weeks of June, local New York City newspapers reported that defendant Quinn was exploring ways of firing Mrs. Plummer for the comment she made concerning "assassinating" the political aspirations of Councilmember Leroy Comrie.

6

35. On June 26, 2007, the New York Sun reported that defendant Quinn was planning to take imminent action against Mrs. Plummer and would have a meeting with her and Councilmember Barron on June 27th, before the stated meeting of the full council

36. Mrs. Plummer and Councilmember Barron were never contacted regarding a meeting with defendant Quinn and nothing was broached at the stated meeting of June 27th, where all three were present.

37. Between May 30 and June 28, 2007, Plaintiff carried out her normal work responsibilities for Councilmember Barron which included daily work at the offices at 250 Broadway as well as attendance at Committee and Stated Meetings of the Council without incident.

38. On June 28, 2007, at approximately 4:45 p.m. a letter, written on defendant Quinn's behalf by her chief of staff, Charles Meara, was hand-delivered to Mrs. Plummer at her home. It stated, in part, that *"[A]s a result of your disruptive actions at the Council's Stated Meeting on May 30, 2007, and the threatening statements you made later that day regarding Councilmember Leroy Comrie, you are being suspended without pay from employment at the Council for a period of six weeks, from June 29, 2007 to August 10, 2007."* [Exhibit 2]

39. The letter further stated that if Mrs. Plummer failed to agree to the terms set out by 5 p.m on July 3, 2007, she would be terminated.

40. Mrs. Plummer was never formally or informally presented with charges concerning her alleged acts, nor given a chance to affirm, explain, deny or challenge them.

7

41. At all times stated herein, Plaintiff was a competent, loyal and dedicated employee. At all times relevant to this lawsuit, Plaintiff met her employer's, Councilmember Barron's, legitimate job expectations.

42. Following the initiation of the instant lawsuit and a hearing before Judge Pauley on July 3, 2007, defendant, on July 5, 2007, presented Plaintiff with a "revision" of the June 28th letter. Which stated in part: *"As a result of your disruptive actions at the Council Stated Meeting on May 30, 2007, and the <u>statements</u> you made later that day regarding Council Member Leroy Comrie, you have been suspended without pay from employment at the City Council for a period of six weeks..."* [emphasis added]. The letter went on to proscribe future conduct of the Plaintiff, i.e. : *" As a staff member and employee of the Council, you may not engage in disorderly or disruptive conduct at Council Stated and Committee meetings and you must abide by any and all directions of the Presiding Officer of such meetings either to the audience or to you yourself. You must also follow the Sergeant-at-Arms's instructions to maintain order and decorum. Further, you must refrain from using language towards any Council Member of Council staff that threatens bodily harm."* The leter ends, *"If I do not receive a copy of this letter signed by you no later than 5:00 pm Friday, July 6, 2007, your employment as a staff member of the Council will be terminated."* [Exhibit 3] The Plaintiff refused to sign the letter.

43. On July 9, 2007, defendant, through her chief of staff, sent plaintiff a letter terminating her employment effective that day. [Exhibit 4].

44. Since July 9, 2007, Plaintiff Plummer has continued to work as Plaintiff Barron's chief of staff as an unpaid volunteer.

8

45. On information and belief, no Speaker of the City Council has ever suspended and/or terminated the staff member of an individual council member for the conduct which defendant attributes to plaintiff. This action was taken arbitrarily, capriciously and outside the legal authority of the defendant.

46. On information and belief, the defendant took this action against Mrs. Plummer because of her race and her exercise of First Amendment protected speech during and after the stated meeting of May 30, 2007.

47. Defendant City of New York knew, or, in the alternative, should have known that the actions taken by Defendant Quinn against Plaintiff Plummer were an improper, ultra vires exercise of power.

48. Defendant City of New York had the power and authority, but took no steps to prevent Defendant Quinn from taking these unconstitutional and ultra vires actions against the named Plaintiffs.

49. Defendant City of New York instead, acting under color of state law, implemented the instructions of Defendant Quinn and stopped payment to Plaintiff Plummer for two weeks and then removed her from the payroll of the City of New York.

## V. CLAIMS FOR RELIEF

### First Claim for Relief - Infringement of First Amendment Rights

50. Paragraphs 1-49 are incorporated by reference.

51. Plaintiff Plummer has a right pursuant to the First Amendment to the United States Constitution to speak freely about her views on matters involving politics and race.

9

Defendant's actions were an attempt to inhibit or retaliate against the Plaintiff's speech on such matters.

52. Plaintiff Plummer was suspended and subsequently terminated from her position for the exercise of her right of free speech, protected under the First Amendment to the United States Constitution. The termination was in retaliation for the Plaintiff's exercise of protected free speech on matters of public concern.

## Second Claim for Relief - Violation of Substantive Due Process

53. Paragraphs 1-52 are incorporated by reference.

54. Through defendants' arbitrary, capricious, retaliatory and, ultimately, ultra vires, practices, defendants' conduct contravened the doctrine of substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

55. Taken in combination, the defects alleged in this Complaint constitute a denial of due process under the Fourteenth Amendment to the United States Constitution.

## Third Claim for Relief – Denial of Due Process and Equal Protection

56. Paragraphs 1-55 are incorporated by reference.

57. Defendants, in deviating from the old and effecting a new policy of street naming, have employed a gross abuse of power, unfair procedures and disparate treatment in their treatment of plaintiff Plummer. By engaging in acts of intentional violations of Plaintiff Plummer's constitutional rights, racial discrimination, harassment and retaliation against Mrs. Plummer, by denying Plaintiff equal enjoyment of all benefits, privileges, terms and conditions of employment, defendants have violated plaintiff Plummer's rights under 42

U.S.C. sec. 1983 the Due Process Clause and the Equal Protection Clause to the United States Constitution.

## Fourth Claim for Relief – Violation of Constitution of New York State

58. Paragraphs 1-57 are incorporated by reference.

59. The acts taken by defendants as set out in the first three claims for relief, supra, violate the rights of the Plaintiff under the laws of the State of New York and the Constitution of the State of New York, i.e. Article I, sections 1, 8, and 11.

### VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this matter.

2. Issue a declaratory judgment that:

   a. The defendants have: in suspending and then terminating Mrs. Plummer, acted beyond the powers legally delegated to her; illegally retaliated against Mrs. Plummer for the proper exercise of her right to free speech under the First Amendment to the Constitution of the United States; discriminated against Mrs. Plummer on the basis of her race by, on information and belief, treating white staff members more leniently than Mrs. Plummer in terms of employment conditions and discharge from employment for alleged offenses of comparable seriousness, by employing administrative discretion in a discriminatory manner to terminate plaintiff's employment because of her race and exercise of protected activities.

   Defendant's acts of intentional racial discrimination and unlawful harassment and retaliation in the workplace against Mrs. Plummer violated 42 U.S.C. Sec 1983, 42 U.S.C.

11

sec. 1971 and sec. 1973, the First and Fourteenth Amendments to the United States Constitution and sections 1, 8 and 11 of the Constitution of the State of New York.

3. Enter preliminary and permanent injunctions requiring that defendants:

a. Immediately reinstate Plaintiff Plummer to her position as chief of staff to Councilmember Charles Barron, and/or,

b. Pay to plaintiff forthwith monetary damages to compensate her for the loss of wages, social security, and fringe benefits, with interest from the dates when said sums were due until the judgment is paid;

c. her officers, agents, successors, employees, attorneys and assigns and other representatives, and all those persons acting in concert with them and at their discretion, cease engaging in any act of deprivation of civil rights or employment discrimination against Mrs. Plummer.

d. cease from engaging in personnel activities beyond those legally delegated to her as Speaker of the City Council.

4. Award Mrs. Plummer actual and compensatory damages in the amount of $500,000 against the defendant; and award Plaintiff Plummer punitive damages in the amount of $500,000 against the defendants.

5. Award Plaintiff reasonable attorneys fees and costs pursuant to 42 U.S.C. Sec. 1988.

6. Award Plaintiff such other and further relief as justice may require.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

PLAINTIFF

BY: _____
ROGER S. WAREHAM, Esq. (RW4751)
394 Putnam Avenue
Brooklyn, NY 11216
(718) 230-5270


BY: _____
NOAH A. KINIGSTEIN, Esq. (NK3326)
315 Broadway, 2nd floor
New York, NY 100
(212) 285-9300

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

VIOLA PLUMMER,

                                       Plaintiff,

    - against -

CHRISTINE QUINN, Speaker of the City Council,
CITY OF NEW YORK

                                       Defendants.

-------------------------------------------------------------- x

**STIPULATION**

CV-07-6154 (WHP)

        **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties herein that:

        1. The reference to the Voting Rights Act, 42 U.S.C. §1973j(f), in paragraph 5 of the Second Amended Complaint is hereby stricken.

        2. Nothing in the Second Amended Complaint should be construed as asserting a cause of action under the Voting Rights Act.

Dated: New York, New York
       October 11, 2007

ROGER S. WAREHAM
Attorney for Plaintiff
394 Putnam Avenue
Brooklyn, New York 11216
(718) 230-5270

By: _____
    ROGER S. WAREHAM

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street, Room 2-104
New York, New York 10007
(212) 788-0885

By: _____
    ERIC EICHENHOLTZ

# Exhibit C