# EXHIBIT 1

PLAINTIFF'S EXHIBIT
1
8/9/07

# NEW YORK CITY CHARTER

## As Amended Through July 2004



City of New York

CITY OF NEW YORK
CITY CHARTER
CONTENTS
(As amended by local laws 1-72
and chapters 1, 4-698
of 2003)

| Chapter | | Sections |
|---|---|---|
| Intro | .................................................. | (1-2) |
| 1 | Mayor .......................................... | (3-19) |
| 2 | Council ........................................ | (21-49) |
| 2-A | Districting Commission......................... | (50-52) |
| 4 | Borough Presidents............................. | (81-86) |
| 5 | Comptroller ................................... | (91-97) |
| 6 | Expense Budget ................................ | (100-111) |
| 7 | Tax Appeals ................................... | (153-172) |
| 8 | City Planning ................................. | (191-204) |
| 9 | Capital Projects and Budget ................... | (210-224) |
| 10 | Budget Process................................. | (225-258) |
| 11 | Independent Budget Office...................... | (259-260) |
| 12 | Obligations of the City ....................... | (265-299) |
| 13 | Procurement ................................... | (310-335) |
| 14 | Franchises, Revocable Consents and Concessions | (362-378) |
| 15 | Property of the City .......................... | (381-384) |
| 16 | Heads of Mayoral Agencies ..................... | (385-390) |
| 17 | Law Department ................................ | (391-398) |
| 18 | Police Department ............................. | (431-438) |
| 18-A | Civilian Complaint Review Board ............... | (440) |
| 18-B | Independent Police Investigation and Audit Board | (450-458) |
| 18-C | Public Safety ................................. | (459-460) |
| 18-D | Sale, Purchase and Possession of Weapons ...... | (461-466) |
| 19 | Fire Department ............................... | (481-494) |
| 19-A | Emergency Management Department ............... | (495-498) |
| 20 | Education ..................................... | (520-527) |
| 21 | Department of Parks and Recreation ............ | (531-533) |
| 21-A | New York City Sports Commission ............... | (541) |
| 22 | Department of Health and Mental Hygiene ....... | (550-569) |
| 24 | Department of Social Services ................. | (601-604) |
| 24-A | Department of Homeless Services ............... | (610-614) |
| 24-B | Administration for Children's Services ........ | (615-617) |
| 25 | Department of Correction ...................... | (621-627) |
| 26 | Department of Buildings ....................... | (641-649) |
| 27 | Board of Standards and Appeals ................ | (659-669) |
| 28 | Department of Juvenile Justice................. | (675-678) |
| 30 | Department of Youth and Community Development.. | (731-736) |
| 31 | Department of Sanitation ...................... | (751-755) |
| 34 | Department of Investigation ................... | (801-807) |
| 35 | Department of Citywide Administrative Services | (810-829) |
| 36 | Equal Employment Practices Commission.......... | (830-832) |
| 37 | Art Commission ................................ | (851-858) |
| 38 | Financial Information Services Agency.......... | (860-862) |
| 39 | Office of Payroll Administration............... | (870-872) |
| 40 | New York City Human Rights Commission ......... | (900-906)) |
| 45 | City Administrative Procedure Act ............. | (1041-1047) |
| 45-A | Office of Administrative Trials and Hearings .. | (1048-1049) |
| 46 | Elections and Voter Assistance ................ | (1051-1057-a) |
| 47 | Public Access to Meetings and Information...... | (1058-1068) |

extent such service is made available to citizens unless such agency is required by law to deny eligibility for such service to aliens.

§ 19. Office to combat domestic violence. a. The city of New York recognizes that domestic violence is a public health issue that threatens hundreds of thousands of households each year and that respects no boundaries of race, ethnicity, age, gender, sexual orientation or economic status. The city of New York further recognizes that the problems posed by domestic violence fall within the jurisdiction and programs of various City agencies and that the development of an integrated approach to the problem of domestic violence, which coordinates existing services and systems, is critical to the success of the city of New York's efforts in this area.
  b. There shall be, in the executive office of the mayor, an office to combat domestic violence. The office shall be headed by a director, who shall be appointed by the mayor.
  c. The director of the office to combat domestic violence shall have the power and duty to:
  1. coordinate domestic violence services;
  2. formulate policies and programs relating to all aspects of services and protocols for victims of domestic violence;
  3. develop methods to improve the coordination of systems and services for domestic violence;
  4. develop and maintain mechanisms to improve the response of city agencies to domestic violence situations and improve coordination among such agencies; and
  5. implement public education campaigns to heighten awareness of domestic violence and its effects on society and perform such other functions as may be appropriate regarding the problems posed by domestic violence.

CHAPTER 2
COUNCIL

§ 21. The Council. There shall be a council which shall be the legislative body of the city. In addition to the other powers vested in it by this charter and other law, the council shall be vested with the legislative power of the city. Any enumeration of powers in this charter shall not be held to limit the legislative power of the council, except as specifically provided in this charter.

§ 22. Composition of council. a. The council shall consist of the public advocate and of fifty-one other members termed council members. Consistent with state law, the size of the council and the number of districts from which council members are elected may be increased by local law without approval pursuant to section thirty-eight.
  b. One council member shall be elected from each council district as now or hereafter constituted.

§ 23. Council members not to be employees of agencies. No council member shall be an employee of any agency in any capacity whatever.

§ 24. Election; term; vacancies. a. The public advocate shall be elected by the electors of the city at the same time and for the same term as in this charter prescribed for the mayor. A public advocate who resigns or is removed from office prior to the completion of a full term shall be deemed to have held that office for a full term for purposes of

Section 1138 of the charter.
  b. The public advocate may be removed or suspended in the same manner as provided in this charter with respect to the mayor.
  c. Any vacancy in the office of public advocate shall be filled by popular election in the following manner:
  1. Within three days of the occurrence of a vacancy in the office of the public advocate, the mayor shall proclaim the date for the election or elections required by this subdivision, provide notice of such proclamation to the city clerk and the board of elections and publish notice thereof in the City Record. After the proclamation of the date for an election to be held pursuant to paragraphs four or five of this subdivision, the city clerk shall publish notice thereof not less than twice in each week preceding the date of such election in newspapers distributed within the city, and the board of elections shall mail notice of such election to all registered voters within the city.
  2. If a vacancy occurs during the first three years of the term, a general election to fill the vacancy for the remainder of the unexpired term shall be held in the year in which the vacancy occurs, unless the vacancy occurs after the last day on which an occurring vacancy may be filled at the general election in that same year with party nominations of candidates for such election being made at a primary election, as provided in section 6-116 of the election law. If such a vacancy occurs in any year after such last day, it shall be filled for the remainder of the unexpired term at the general election in the following year provided, however, that no general election to fill a vacancy shall be held in the last year of the term, except as provided in paragraph nine of this subdivision. Party nominations of candidates for a general election to fill a vacancy for the remainder of the unexpired term shall be made at a primary election, except as provided in paragraph five of this subdivision.
  3. If a special or general election to fill the vacancy on an interim basis has not been previously held pursuant to paragraphs four, six, seven and eight of this subdivision, the person elected to fill the vacancy for the remainder of the unexpired term at a general election shall take office immediately upon qualification and shall serve until the term expires. If a special or general election to fill the vacancy on an interim basis has been previously held, the person elected to fill the vacancy for the remainder of the unexpired term at a general election shall take office on January first of the year following such general election and shall serve until the term expires.
  4. If a vacancy occurs during the first three years of the term and on or before the last day in the third year of the term on which an occurring vacancy may be filled for the remainder of the unexpired term at a general election with party nominations of candidates for such election being made at a primary election, as provided in section 6-116 of the election law, a special or general election to fill the vacancy on an interim basis shall be held, unless the vacancy occurs less than ninety days before the next primary election at which party nominations for a general election to fill the vacancy may be made and on or before the last day on which an occurring vacancy may be filled for the remainder of the unexpired term at the general election in the same year in which the vacancy occurs with party nominations of candidates for such election being made at a primary election, as provided in section 6-116 of the election law.
  5. If a vacancy occurs after the last day in the third year of the term on which an occurring vacancy may be filled for the remainder of

the unexpired term at a general election in such year with party nominations of candidates for such election being made at a primary election, as provided in section 6-116 of the election law, but not less than ninety days before the date of the primary election in the fourth year of such term, a special or general election to fill such vacancy for the remainder of the unexpired term shall be held.

6. Elections held pursuant to paragraph four or five of this subdivision shall be scheduled in the following manner: A special election to fill the vacancy shall be held on the first Tuesday at least forty-five days after the occurrence of the vacancy, provided that the mayor, in the proclamation required by paragraph one of this subdivision, may schedule such election for another day no more than ten days after such Tuesday and not less than forty days after such proclamation if the mayor determines that such rescheduling is necessary to facilitate maximum voter participation; except that

(a) if the vacancy occurs before September twentieth in any year and the first Tuesday at least forty-five days after the occurrence of the vacancy is less than ninety days before a regularly scheduled general election or between a primary and a general election, the vacancy shall be filled at such general election;

(b) if the vacancy occurs before September twentieth in any year and the first Tuesday at least forty-five days after the occurrence of the vacancy is after a regularly scheduled general election, the vacancy shall be filled at such general election; and

(c) if the vacancy occurs on or after September twentieth in any year and the first Tuesday at least forty-five days after the occurrence of the vacancy is after, but less than thirty days after, a regularly scheduled general election, the vacancy shall be filled at a special election to be held on the first Tuesday in December in such year.

7. All nominations for elections to fill vacancies held pursuant to paragraphs four and five of this subdivision shall be by independent nominating petition. A signature on an independent nominating petition made earlier than the date of the proclamation required by paragraph one of this subdivision shall not be counted.

8. A person elected to fill a vacancy in the office of public advocate at an election held pursuant to paragraph four of this subdivision shall take office immediately upon qualification and serve until December thirty-first of the year in which the vacancy is filled for the remainder of the unexpired term pursuant to paragraph two of this subdivision. A person elected to fill a vacancy in the office of public advocate at an election held pursuant to paragraph five of this subdivision shall take office immediately upon qualification and serve until the term expires.

9. If a vacancy occurs less than ninety days before the date of the primary election in the last year of the term, the person elected at the general election in such year for the next succeeding term shall take office immediately upon qualification and fill the vacancy for the remainder of the unexpired term.

d. The public advocate may, by written authority filed with the appropriate board, body or committee and with the city clerk, designate any two officers or employees appointed by the public advocate to exercise the powers specified in this subdivision. Either such officer or employee, so designated, may act in the place of the public advocate on any board, body or committee, other than the council, of which the public advocate is a member whenever the public advocate shall be absent from a meeting of said board, body or committee for any reason whatever.

e. The public advocate shall have the right to participate in the discussion of the council but shall not have a vote.

f. In addition to other duties and responsibilities, the public advocate shall serve as the public advocate and shall (1) monitor the operation of the public information and service complaint programs of city agencies and make proposals to improve such programs; (2) review complaints of a recurring and multiborough or city-wide nature relating to services and programs, and make proposals to improve the city's response to such complaints; (3) receive individual complaints concerning city services and other administrative actions of city agencies; and (4) investigate and otherwise attempt to resolve such individual complaints except for those which (i) another city agency is required by law to adjudicate, (ii) may be resolved through a grievance mechanism established by collective bargaining agreement or contract, or (iii) involve allegations of conduct which may constitute a violation of criminal law or a conflict of interest. If the public advocate receives a complaint which is subject to a procedure described in items (i) or (ii) of this paragraph, the public advocate shall advise the complainant of the appropriate procedure for the resolution of such complaint. If the public advocate receives a complaint of the type described in item (iii) of this paragraph, the public advocate shall promptly refer the matter in accordance with subdivision k of this section.

g. The public advocate shall establish procedures for receiving and processing complaints, responding to complainants, conducting investigations, and reporting findings, and shall inform the public about such procedures. Upon an initial determination that a complaint may be valid, the public advocate shall refer it to the appropriate agency. If such agency does not resolve the complaint within a reasonable time, the public advocate may conduct an investigation and make specific recommendations to the agency for resolution of the complaint. If, within a reasonable time after the public advocate has completed an investigation and submitted recommendations to an agency, such agency has failed to respond in a satisfactory manner to the recommendations, the public advocate may issue a report to the council and the mayor. Such report shall describe the conclusions of the investigation and make such recommendations for administrative,

legislative, or budgetary action, together with their fiscal implications, as the public advocate deems necessary to resolve the individual complaint or complaints or to address the underlying problems discovered in the investigation.

h. In addition to other duties and responsibilities, the public advocate may review the programs of city agencies. Such reviews shall include, but not be limited to, annual evaluations of: (1) the implementation of the requirements for coterminality of local services contained in all subdivisions of section twenty seven hundred four; (2) the effectiveness of the public information and service complaint programs of city agencies; and (3) the responsiveness of city agencies to individual and group requests for data or information regarding the agencies' structure, activities and operations. The public advocate shall submit any reports documenting or summarizing such reviews to the council, mayor and appropriate agency and shall include in such reports his or her recommendations for addressing the problems identified and the fiscal implications of such recommendations.

i. Except for those matters which involve conduct which may constitute a violation of criminal law or a conflict of interest, the public advocate may, on the request of a resident, taxpayer, community board,

council member or borough president, or on his or her own motion, inquire into any alleged failure of a city officer or agency to comply with any provision of the charter. If as a result of such inquiry, the public advocate concludes that there is any substantial failure to comply with any provision of the charter, he or she shall submit a preliminary report documenting the conclusions of the inquiry to the officer or officers and the head of each agency involved. Within a reasonable time after submitting such preliminary report, the public advocate shall issue a final report to the council, mayor, and agency documenting the conclusions of the inquiry.

j. The public advocate shall have timely access to those records and documents of city agencies which the public advocate deems necessary to complete the investigations, inquiries and reviews required by this section. If a city agency does not comply with the public advocate's request for such records and documents, the public advocate may request an appropriate committee of the council to require the production of such records and documents pursuant to section twenty-nine of the charter. The provisions of this subdivision shall not apply to those records and documents of city agencies for which a claim of privilege may properly be raised or which are prepared or maintained by the department of investigation for use in any investigation authorized by chapter thirty-four of the charter.

k. If the public advocate receives a complaint alleging conduct which may constitute a violation of criminal law or a conflict of interest, he or she shall promptly refer the complaint regarding criminal conduct to the department of investigation or, as applicable, to the appropriate prosecuting attorney or other law enforcement agency and shall refer the complaint regarding conflict of interest to the conflicts of interest board. If during the conduct of any investigation, inquiry, or review authorized by this section, the public advocate discovers that the matter involves conduct which may constitute a violation of criminal law or a conflict of interest, he or she shall take no further action but shall promptly refer the matter regarding criminal conduct to the department of investigation or, as applicable, to the appropriate prosecuting attorney or other law enforcement agency and shall promptly refer the matter regarding conflict of interest to the conflicts of interest board. Unless otherwise provided by law, all complaints received and any investigative file prepared or maintained by the public advocate regarding matters covered by this subdivision, shall be confidential.

l. Before making public any portion of any draft, preliminary or final report relating to the operations or activities of a city officer or agency, the public advocate shall send a copy of the draft report to any such officer, and to the head of any agency, discussed in such report and provide the officer and agency, in writing, with a reasonable deadline for their review and response. The public advocate shall include in any report, or portion thereof, which is made public a copy of all such officer and agency responses.

m. The public advocate may hold public hearings in the course of fulfilling the requirements of this section provided that a complete transcript of any such hearings shall be made available for public inspection free of charge within sixty days after the hearing. The public advocate shall also provide a copy of any requested pages of such transcript at a reasonable fee to cover copying and, if relevant, mailing costs.

n. Not later than the thirty-first day of October of each year, the

public advocate shall present to the council a report on the activities of the office during the preceding fiscal year. The report shall include: (1) a statistical summary of the complaints received during such fiscal year, categorized by agency, type of complaint, agency response, mode of resolution, and such other factors as the public advocate deems appropriate; (2) an analysis of recurring complaints and the public advocate's recommendations for administrative, legislative, or budgetary actions to resolve the underlying problems causing the complaints; (3) a summary of the findings and recommendations of the agency program reviews conducted during the fiscal year and a summary of the agency responses to such findings and recommendations; (4) a summary of the charter requirements which, in the opinion of the public advocate are not being implemented by the city agencies and officers subject to them, including a description of the nature and extent of the failure to comply and a summary of the responses of the agencies or officers to the public advocate's conclusions; and (5) a summary of improvements in charter compliance since the public advocate's last annual report. The public advocate shall include an assessment of the fiscal implications of any recommendations presented in this report.

§ 25. Election; term; vacancies. a. The council members shall be elected at the general election in the year nineteen hundred seventy-seven and every fourth year thereafter and the term of office of each council member shall commence on the first day of January after the elections and shall continue for four years thereafter; provided, however, that the council member elected at the general election in the year two thousand and one and at the general election in every twentieth year thereafter shall serve for a term of two years commencing on the first day of January after such election; and provided further that an additional election of Council Members shall be held at the general election in the year two thousand three and at the general election every twentieth year thereafter and that the members elected at each such additional election shall serve for a term of two years beginning on the first day of January after such election.
 Notwithstanding any other provision of this charter or other law, a full term of two years, as established by this subsection, shall not constitute a full term under section 1138 of this charter, except that two consecutive full terms of two years shall constitute one full term under section 1138. A member of the council who resigns or is removed

from office prior to the completion of a full term shall be deemed to have held that office for a full term for purposes of section 1138 of the charter.
   b. Any vacancy which may occur among the council members shall be filled by popular election in the following manner.
   1. Within three days of the occurrence of a vacancy in the council, the mayor shall proclaim the date for the election or elections required by this subdivision, provide notice of such proclamation to the city clerk and the board of elections and publish notice thereof in the City Record. After the proclamation of the date for an election to be held pursuant to paragraphs four or five of this subdivision, the city clerk shall publish notice thereof not less than twice in each week preceding the date of such election in newspapers distributed within the city, and the board of elections shall mail notice of such election to all registered voters within the district in which the election is to be held.
   2. If a vacancy occurs during the first three years of a four-year

term or the first year of a two-year term, a general election to fill the vacancy for the remainder of the unexpired term shall be held in the year in which the vacancy occurs, unless the vacancy occurs after the last day on which an occurring vacancy may be filled at the general election in that same year with party nominations of candidates for such election being made at a primary election, as provided in section 6-116 of the election law. If such a vacancy occurs in any year after such last day, it shall be filled for the remainder of the unexpired term at the general election in the following year provided, however, that no general election to fill a vacancy shall be held in the last year of the term, except as provided in paragraph nine of this subdivision. Party nominations of candidates for a general election to fill a vacancy for the remainder of the unexpired term shall be made at a primary election, except as provided in paragraph five of this subdivision.

  3. If a special or general election to fill the vacancy on an interim basis has not been previously held pursuant to paragraphs four, six, seven and eight of this subdivision, the person elected to fill the vacancy for the remainder of the unexpired term at a general election shall take office immediately upon qualification and shall serve until the term expires. If a special or general election to fill the vacancy on an interim basis has been previously held, the person elected to fill the vacancy for the remainder of the unexpired term at a general election shall take office on January first of the year following such general election and shall serve until the term expires.

  4. If a vacancy occurs during the first three years of a four-year term or in the first year of a two-year term and on or before the last day in the third year of such a four-year term or the first year of such a two-year term on which an occurring vacancy may be filled for the remainder of the unexpired term at a general election with party nominations of candidates for such election being made at a primary election, as provided in section 6-116 of the election law, a special or general election to fill the vacancy on an interim basis shall be held, unless the vacancy occurs less than ninety days before the next primary election at which party nominations for a general election to fill the vacancy may be made and on or before the last day on which an occurring vacancy may be filled for the remainder of the unexpired term at the general election in the same year in which the vacancy occurs with party nominations of candidates for such election being made at a primary election, as provided in section 6-116 of the election law.

  5. If a vacancy occurs after the last day in the third year of a four-year term or the first year of a two-year term on which an occurring vacancy may be filled for the remainder of the unexpired term at a general election in each year with party nominations of candidates for such election being made at a primary election, as provided in section 6-116 of the election law, but not less than ninety days before the date of the primary election in the fourth year of such a four-year term or the second year of such a two-year term, a special or general election to fill such vacancy for the remainder of the unexpired term shall be held.

  6. Elections held pursuant to paragraph four or five of this subdivision shall be scheduled in the following manner: A special election to fill the vacancy shall be held on the first Tuesday at least forty-five days after the occurrence of the vacancy, provided that the mayor, in the proclamation required by paragraph one of this subdivision, may schedule such election for another day no more than ten days after such Tuesday and not less than forty days after such