proclamation if the mayor determines that such rescheduling is necessary to facilitate maximum voter participation; except that

(a) if the vacancy occurs before September twentieth in any year and the first Tuesday at least forty-five days after the occurrence of the vacancy is less than ninety days before a regularly scheduled general election or between a primary and a general election, the vacancy shall be filled at such general election;

(b) if the vacancy occurs before September twentieth in any year and the first Tuesday at least forty-five days after the occurrence of the vacancy is after a regularly scheduled general election, the vacancy shall be filled at such general election; and

(c) if the vacancy occurs on or after September twentieth in any year and the first Tuesday at least forty-five days after the occurrence of the vacancy is after, but less than thirty days after, a regularly scheduled general election, the vacancy shall be filled at a special election to be held on the first Tuesday in December in such year.

7. All nominations for elections to fill vacancies held pursuant to paragraphs four and five of this subdivision shall be by independent nominating petition. A signature on an independent nominating petition made earlier than the date of the proclamation required by paragraph one of this subdivision shall not be counted.

8. A person elected to fill a vacancy in the council at an election held pursuant to paragraph four of this subdivision shall take office immediately upon qualification and serve until December thirty-first of the year in which the vacancy is filled for the remainder of the unexpired term pursuant to paragraph two of this subdivision. A person elected to fill a vacancy in the council at an election held pursuant to paragraph five of this subdivision shall take office immediately upon qualification and serve until the term expires.

9. If a vacancy occurs less than ninety days before the date of the primary election in the last year of the term, the person elected at the general election in such year for the next succeeding term shall take office immediately upon qualification and fill the vacancy for the remainder of the unexpired term.

§ 26. Salaries and allowances. a. The salary of the public advocate shall be one hundred fifty thousand dollars a year.

b. The salary of each council member shall be ninety thousand dollars a year. In addition any council member, while serving as a committee chairperson or other officer of the council, may also be paid, in addition to such salary, an allowance fixed by resolution, after a

hearing, for the particular and additional services pertaining to the additional duties of such position.

c. If prior to the enactment of a local law increasing the compensation of council members, the council establishes a commission to study and make recommendations for changes in the compensation levels of council members, or if it otherwise causes an analysis of such compensation levels to be made to assist it in its consideration of a local law, such study or analysis may include an analysis of the benefits, detriments, costs and impacts of placing restrictions on earned income derived by council members from sources other than their council salary.

§ 27. Local laws and resolutions increasing or decreasing salaries or allowances. No local law or resolution increasing or decreasing the salaries, or other allowances, in accordance with section twenty-six

shall be adopted during the period between the general election day  and the  thirty-first day of December, both such days inclusive, in any year in which all of the council members are elected.

  § 28. Powers of council. a. The council in addition to all  enumerated powers  shall have power to adopt local laws which it deems appropriate, which are not inconsistent with the provisions of this charter  or  with the  constitution  or  laws  of the United States or this state, for the good rule and government of the city; for  the  order,  protection  and government  of  persons and property; for the preservation of the public health, comfort, peace and prosperity of the city and  its  inhabitants; and  to effectuate the purposes and provisions of this charter or of the other laws relating to the city. The power of the council  to act  with respect  to matters set forth in sections one hundred ninety-seven-c and two hundred shall be limited by the provisions of  section  one  hundred ninety seven-d.
  b.  The council shall  have  power to provide for the enforcement of local  laws  by  legal  or  equitable  proceedings,  to  prescribe  that violations  thereof  shall  constitute  misdemeanors,  offenses  or infractions and to provide for the punishment of violations  thereof  by civil  penalty,  fine,  forfeiture or imprisonment, or by two or more of such punishments.
  c. In the event that there exists no other provision of  law  for  the filling  of  a vacancy in any elective office, resulting from removal or suspension from such office, or the death, resignation or  inability  of the  incumbent  to exercise the powers or to discharge the duties of the office, the council by a majority vote of all the council members  shall elect a successor to fill the vacancy in such office.
  d.  All  local  laws  shall be general, applying either throughout the whole city or throughout specified portions thereof.
  e. The council shall not pass any local law authorizing the placing or continuing  of  any  encroachment  or  obstruction  upon  any  street  or sidewalk  excepting  temporary  occupation  thereof by commercial refuse containers or during and for the purpose of the erection,  repairing  or demolition  of  a  building  on  a  lot abutting thereon under revocable licenses therefor, and excepting  the  erection  of  booths,  stands  or displays  or  the  maintenance  of  sidewalk  cafes under licenses to be granted only with the consent of the owner of the premises if  the  same shall  be  located  in  whole  or  in  part within stoop lines; any such commercial refuse containers thus placed or continued upon any street or sidewalk pursuant to such a revocable license shall be  painted  with  a

phosphorescent substance so that the dimensions thereof shall be clearly discernible at night.
  f.  All  local  laws in relation to licenses shall fix the license fees to be paid, if any,  and  shall provide that all licenses shall  be according  to  an  established  form and shall be regularly numbered and duly registered.
  g. The council shall hold a public hearing prior to the  consideration of  any  resolution requesting the state legislature, in accordance with the provisions of section two of article nine of the Constitution of the state of New York, to pass any bill, the substance of which, if  adopted by  the  council  as  a  local  law,  would  require its approval by the electorate voting thereon at a  referendum.    Notice  of  such  public hearing  shall  be  published  in the City Record for at least five days immediately preceding the commencement of such a hearing.

§ 29.  Power of investigation and oversight.  a. The council, acting as a committee of the whole, and each standing or special committee of the council, through hearings or otherwise:

1. may investigate any matters within its jurisdiction relating to the property, affairs, or government of the city or of any county within the city, or to any other powers of the council, or to the effectuation of the purposes or provisions of this charter or any laws relating to the city or to any county within the city.

2. shall review on a regular and continuous basis the activities of the agencies of the city, including their service goals and performance and management efficiency. Each unit of appropriation in the adopted budget of the city shall be assigned to a standing committee. Each standing committee of the council shall hold at least one hearing each year relating to the activities of each of the agencies under its jurisdiction.

b. Any standing or special committee shall have power to require the attendance and examine and take testimony under oath of such persons as it may deem necessary and to require the production of books, accounts, papers and other evidence relative to the inquiry. Copies of all reports or studies received by the council pursuant to section eleven hundred thirty-four and subdivision c of section ninety-three shall be assigned to the appropriate standing committees for review and action, as necessary.

§ 30.  Council review of city procurement policies and procedures. The council shall periodically review all city procurement policies and procedures, including:

1.  the rules and procedures adopted by the procurement policy board, all rules relating to the participation of minority and women owned business enterprises in the city's procurement process and the implementation of those rules and procedures by city agencies;

2.  patterns of contractual spending by city agencies, including determinations of the need to contract made by agencies in accordance with rules of the procurement policy board;

3.  access to and fairness in city procurement opportunities, the fair distribution of contract awards, and the fair employment practices of city contractors;

4.  procedures for evaluating contractor performance; and

5.  procedures for declaring bidders not responsible and for debarring contractors.

§ 31.  Power of advice and consent. Appointment by the mayor of the commissioner of investigation and of the members of the art commission, board of health (other than the chair), board of standards and appeals, city planning commission (other than the chair), civil service commission, landmarks preservation commission, tax commission, taxi and limousine commission and the public members of the environmental control board shall be made with the advice and consent of the council after a public hearing.  Within thirty days after the first stated meeting of the council after receipt of a nomination, the council shall hold a hearing and act upon such nomination and in the event it does not act within such period, the nomination shall be deemed to be confirmed.

§ 32.  Local laws.  Except as otherwise provided by law, all legislative action by the council shall be by local law. The style of local law shall be "Be it enacted by the council as follows." Every local law shall embrace only one subject. The title shall briefly refer

to the subject-matter.

§ 33.  Local laws and budget modifications; fiscal impact statements. a. No proposed local law or budget modification shall be voted on  by  a council  committee  or the council  unless it is accompanied by a fiscal impact statement containing the information set forth in  subdivision  b of this section.

b.  A fiscal impact statement shall  indicate the fiscal year in which the proposed law or modification would first become  effective  and  the first fiscal  year  in which  the full fiscal impact  of the law or modification is expected to occur; and contain an estimate of the fiscal impact of the law or modification on the revenues  and  expenditures  of the  city  during the fiscal year in which the law or modification is to first become effective, during the succeeding fiscal  year,  and  during the  first  fiscal  year  in  which the full fiscal impact of the law or modification is expected to occur.

c.  All agency heads shall promptly provide to any council  committee any  information  that  it  requests   to assist it in preparing a fiscal impact statement.

d.  Each  fiscal  impact  statement  shall  identify  the  sources  of information used in its preparation.

e.  If  the  estimate  or  estimates  contained  in  the fiscal impact statement are inaccurate, such inaccuracies shall not affect, impair, or invalidate the local law or budget modification.

§ 34.  Vote required for local law or resolution.  Except as otherwise provided by law, no local law or resolution shall be passed except by at least the majority affirmative vote of all the council members.

§ 35.  Ayes and noes. a. On the final  passage of  a  local  law  or resolution  the question shall be taken by ayes and noes, which shall be entered in the journal of proceedings. No such vote may be  cast  except by  a council member who is present and who casts his or her own vote in the manner prescribed by the rules of the council.

b.  All committee votes on proposed local laws or resolutions shall be taken by ayes and noes, which shall be entered in a committee  report  a copy  of which shall be filed with the clerk or other official specified by the council rules for this purpose and which shall be  available  for

public  inspection.  No such vote may be cast except by a member of the committee who is present at the meeting at which the vote is taken.

§ 36.  Local laws; passage.  No local law shall be passed until it shall have been in its final form and upon the desks of  the  council members at least seven calendar days, exclusive of Sundays, prior to its final passage, unless the mayor shall have certified as to the necessity for  its  immediate  passage  and such  local law be passed  by  the affirmative vote of two-thirds of all the council members.

§ 37.  Local laws; action by mayor.  a.  Every local law certified by the  clerk of  the  council, after its passage by the council, shall be presented to the mayor for approval.

b.  If the mayor approves the local law, the mayor shall sign  it  and return  it  to  the  clerk; it shall then be deemed to have been adopted. If the mayor disapproves it, he or she shall return it to the clerk with his or her objections stated in writing and the clerk shall present  the same with such objections to the council at its next regular meeting and

such objections shall be entered in its journal. The council within thirty days thereafter may reconsider the same. If after such reconsideration the votes of two-thirds of all the council members be cast in favor of repassing such local law, it shall be deemed adopted, notwithstanding the objections of the mayor. Only one vote shall be had upon such reconsideration. The vote shall be taken by ayes and noes, which shall be entered in the journal. If within thirty days after the local law shall have been presented to him or her, the mayor shall neither approve nor return the local law to the clerk with his or her objections, it shall be deemed to have been adopted in like manner as if the mayor had signed it. At any time prior to the return of a local law by the mayor, the council may recall the same and reconsider its action thereon.

§ 38. Local laws; referendum. A local law shall be submitted for the approval of the electors at the next general election held not less than sixty days after the adoption thereof, and shall become operative as prescribed therein only when approved at such election by the affirmative vote of a majority of the qualified electors of the city voting upon the proposition, if it:

1. Abolishes or changes the form or composition of the council or increases or decreases the number of votes any member is entitled to cast or reduces the number of districts from which council members shall be elected.

2. Changes the veto power of the mayor.

3. Changes the law of succession to the mayoralty.

4. Abolishes an elective office, or changes the method of nominating, electing or removing an elective officer, or changes the term of an elective officer, or reduces the salary of an elective officer during his or her term of office.

5. Abolishes, transfers or curtails any power of an elective officer.

6. Creates a new elective office.

7. Changes a provision of law relating to public utility franchises.

8. Changes a provision of law relating to the membership or terms of office of the city civil service commission.

9. Reduces the salary or compensation of a city officer or employee or increases the hours of employment or changes the working conditions of

such officer or employee if such salary, compensation, hours or conditions have been fixed by a state statute and approved by the vote of the qualified electors of the city; and no provision effecting such reductions, increases or changes contained in any local law or proposed new charter shall become effective unless the definite question with respect to such reductions, increases or changes shall be separately submitted and approved by the affirmative vote of a majority of the qualified electors voting thereon.

10. Provides a new charter for the city.

11. Transfers powers vested by this charter in an agency the head of which is appointed by the mayor to an agency the head of which is not so appointed or vice versa, other than transfers of power authorized by this charter from an agency the head of which is appointed by the mayor to a community board, borough president or a borough board.

12. Dispenses with a provision of this charter requiring a public notice and hearing as a condition precedent to official action.

13. Dispenses with a requirement of this charter for public bidding or for public letting of contracts except as otherwise provided pursuant to chapter thirteen of this charter.

14. Changes a provision of this charter governing the classes or character of city bonds or other obligations, the purposes for which or the amount in which any class of obligations may be issued.

15. Removes restrictions in this charter on the sale, lease or other disposition of city property.

16. Curtails the powers of the city planning commission, or changes the vote in the council required to take action without or contrary to the recommendation of the city planning commission.

17. Repeals or amends this section or any of the following sections of this charter; sections forty, one hundred ninety-one, one hundred ninety-two, one hundred ninety-three, one hundred ninety-nine, two hundred, two hundred seventeen, eleven hundred ten, eleven hundred eleven, eleven hundred fifteen, eleven hundred sixteen, eleven hundred seventeen, eleven hundred eighteen, and eleven hundred twenty-three.

18. Repeals or amends sections twenty-six hundred one, twenty-six hundred four, twenty-six hundred five, and twenty-six hundred six insofar as they relate to elected officials and section twenty-six hundred two.

§ 39. Reconsideration.    At any time prior to the election at which a local law is to be submitted to the electors for approval pursuant to this charter, the council, not later than fifteen days prior to the election, may reconsider its action thereon and repeal such local law without submission to the mayor, whereupon the proposition for its approval shall not be submitted at such election, or if submitted the vote of the electors thereon shall be without effect.

§ 40.    Amendment of charter.    Amendments to this charter may be adopted by any of the following methods:

1. By local law adopted in accordance with the provisions of this charter.

2.  By vote of the electors of the city upon the petition of electors of the city, an amendment may be adopted

(a)  in relation to the manner of voting for the elective officers of the city or any of them, or

(b)   abolishing any elective office or offices or creating a new office or offices, including if so provided a transfer of powers to the

newly created office or offices or a disposition of the powers of any office abolished, but no such amendment shall repeal or change any limitations contained in this charter on any power.

(c)  such amendment may be adopted in the manner following:

(1)  Not less than fifty thousand qualified electors of the city may file in the office of the city clerk a petition for the submission to the electors of the city at the next general election therein held not less than sixty days after filing of such petition of such a proposed amendment or amendments to the charter to be set forth in full in the petition.  The petition may be made upon separate sheets and the signatures of each shall be authenticated in the manner provided by the Election Law for the authentication of designating petitions.    The several sheets so signed and authenticated when fastened together and offered for filing shall be deemed to constitute one petition.    A signature made earlier than one hundred twenty days before the filing of the petition shall not be counted. If within ten days after the filing of such petition a written objection thereto be filed with the office of the city clerk, the Supreme Court or any justice thereof of the first, second or eleventh judicial district shall determine any question

25

arising thereunder and make such order as justice may require. Such proceedings shall be heard and determined in the manner prescribed by the election law in relation to judicial proceedings thereunder.

(2) If such proposed amendment or amendments receive the affirmative vote of the majority of the qualified electors of the city voting thereon, it or they shall take effect as prescribed therein.

3. In such other manner as may be provided by law.

§ 41. Submission of local laws or amendments. A proposition for the submission of a local law or an amendment to this charter for the approval of the electors pursuant to this charter shall contain the title of such local law or a brief statement of the subject of such amendment. The city clerk with the advice of the corporation counsel shall prepare an abstract of such local law or amendment concisely stating the title or subject and the purpose and effect thereof in clear language, and forthwith shall transmit such proposition and such abstract to the election officers charged with the duty of publishing the notice of and furnishing the supplies for such election. A sufficient number of copies of such abstract shall be printed, in such manner that the abstract shall appear with the question to appear on the ballot in bold type and separately from the text of the proposition, and shall be delivered with the other election supplies and distributed to the electors at the time of the registration of voters and at the election. If there be more than one such proposition to be voted upon at such election, each such proposition shall be separately, consecutively and consistently numbered on the ballot and on the abstract. In case of a conflict between two local laws or two amendments adopted at the same election, the one receiving the largest affirmative vote shall control.

§ 42. Meetings. The first meeting of the council in each year shall be held on the first Wednesday after the first Monday of January at noon. All meetings of the council shall be held as provided by its rules; provided, however, that at least two stated meetings shall be held each month, except in its discretion in July and August. A majority of the council members shall constitute a quorum. At least thirty-six hours prior to a stated meeting of the council, or as soon as practicable

prior to a special meeting, the council shall publish and make publicly available a proposed agenda for such meeting, including a list of all proposed local laws or resolutions to be considered at such meetings.

§ 43. Special meetings. The mayor may at any time call special meetings of the council. He shall also call a special meeting when a requisition for that purpose signed by five council members has been presented to him. Not less than one day before a special meeting is held, notice of the time thereof and of the business proposed to be transacted, signed by the mayor, shall be published in the City Record, and at the same time the city clerk shall cause a copy of such notice to be left at or sent by post to the usual place of abode or of business of each council member; but want of service of a notice upon any council member shall not affect the validity of the meeting. No business shall be transacted at such special meetings other than that specified in the notice relating thereto.

§ 44. Speaker. The council shall elect from among its members a speaker and such other officers as it deems appropriate. The speaker

shall preside over the meetings of the council. During any period when the public advocate is acting as mayor, or when a vacancy exists in the office of the public advocate, the speaker shall act as public advocate pending the filling of the vacancy pursuant to subdivision c of section twenty-four, and shall be a member of every board of which the public advocate is a member by virtue of his or her office.

§ 45. Sergeant-at-arms; procedure; expulsion of members. The council may elect a sergeant-at-arms and such research, drafting, clerical and other assistants as are needful to its purposes, within the appropriation provided therefor. It may appoint committees and shall appoint a finance committee properly staffed to consider budgetary and related matters and a land use committee consisting of at least one council member from each borough; shall be the judge of the election returns and qualifications of its own members, subject, however, to review by any court of competent jurisdiction; shall keep a public journal of its proceedings; shall make a complete transcript of each of its meetings and committee hearings available for public inspection free of charge within sixty days after such meeting or hearing and provide a copy of any requested pages of such transcript at a reasonable fee to cover copying and, if relevant, mailing costs; shall sit with open doors; shall have authority to compel the attendance of absent members and to punish its members for disorderly behavior, and to expel any member, after charges and a hearing, with the concurrence of two-thirds of all the council members.

§ 46. Rules of the council. The council shall determine the rules of its own proceedings at the first stated meeting of the council in each year and shall file a copy with the city clerk. Such rules shall include, but not be limited to, rules that the chairs of all standing committees be elected by the council as a whole; that the first-named sponsor of a proposed local law or resolution be able to require a committee vote on such proposed local law or resolution; that a majority of the members of the council be able to discharge a proposed local law or resolution from committee; that committees shall provide reasonable

advance notice of committee meetings to the public; that all committee votes be recorded and made available to the public.

§ 47. Legislative professional staff. Within appropriations for such purpose, the council shall establish a structure within the City Council and retain professional staff to review and analyze proposed budgets and departmental estimates, requests for new taxes or changes in taxes, budget modifications, capital borrowings and mayoral management reports. Such staff shall assist the committees of the council and Council Members in their analysis of proposed legislation and in review of the performance and management of city agencies.

§ 48. City clerk; duties. a. The council shall appoint a clerk, who shall perform such duties as may be prescribed by law. The clerk so appointed shall be the city clerk and the clerk of the council, and shall hold office for six years and until such clerk's successor shall be appointed and has qualified. The city clerk shall have charge of all the papers and documents of the city, except such as are by law committed to the keeping of the several departments or of other officers. The city clerk shall keep the record of the proceedings of the council and shall also keep a separate record of all the local laws of

the city in a book to be provided for that purpose, with proper indices, which book shall be deemed a public record of such local laws, and each local law shall be attested by said clerk. Copies of all papers duly filed in the office of the city clerk, and transcripts thereof and of the records of proceedings of the council and copies of the laws, ordinances and local laws of the city, certified by the city clerk under the corporate seal of the city, shall be admissible in evidence in all courts and places in the same manner and for the same purposes as papers or documents similarly authenticated by the clerk of a county. The city clerk may be removed on charges by a two-third vote of all the council members, subject, however, to judicial review. The city clerk shall collect such fees as shall be fixed by law.

b. It shall be the duty of the city clerk to keep open for inspection at all reasonable times the records and minutes of the proceedings of the council. The city clerk shall keep the seal of the city, and his or her signature shall be necessary to all grants and other documents, except as otherwise provided by law. In the absence of the clerk by sickness or otherwise, the first deputy clerk shall be vested with and possessed of all the rights and powers and be charged with all the duties by law imposed upon the clerk. In the absence of the first deputy clerk, the city clerk by an instrument in writing may designate one of his or her clerks, who shall be vested with and possessed of all the rights and powers and charged with all the duties by law imposed upon said clerk. The signature of the person so designated shall be in place of and of the same force and effect as the signature of the city clerk. Such designation shall be made in triplicate and shall be duly filed and remain of record in the city clerk's office and in the offices of the mayor and of the comptroller, but the designation shall be for a period not exceeding three months and shall not extend beyond the city clerk's term of office and shall be at all times revocable by the city clerk.

§ 49. Members not to be questioned for speeches. For any speech or debate in the council and any committee or subcommittee thereof, the members shall not be questioned in any other place.

## CHAPTER 2-A
## DISTRICTING COMMISSION

§ 50. Districting Commission; composition; appointment; terms; vacancies; compensation. a. There shall be a districting commission consisting of fifteen members appointed as provided in this section.

1. The council delegation of the political party which has the largest delegation in the council shall, by majority vote, appoint five members of the commission, no more than one of whom may be a resident of the same borough.

2. The council delegation of the political party which has the second largest delegation in the council, shall, by majority vote, appoint three members of the commission, no more than one of whom may be a resident of the same borough.

3. If only one political party has a council delegation, then the chairpersons of the county committees of the political party with no council delegation which, at the time of the general election last preceding the time at which such appointments are required to be made, had the largest number of enrolled voters in the city, shall each submit three nominations to the mayor, in order to provide a list of fifteen nominations from that party. The mayor shall appoint three members from such list, no more than one of whom may be a resident of the same