# New York City Council
## Policy Against Employment Discrimination and Unlawful Harassment
June 13, 2006

The New York City Council ("Council") is an equal opportunity employer, has a diverse workforce and is committed to ensuring fair employment practices. The Council is committed to a workplace free of employment discrimination and unlawful harassment. This policy prohibits decisions and practices that are based on an individual's protected status that unlawfully affect employment, or the compensation, terms, conditions, or privileges of an individual's employment or potential employment with the Council. It also prohibits unlawful harassment practices in the workplace.

This policy sets forth the scope of conduct, practices and decisions that are prohibited; the process for addressing allegations of employment discrimination or unlawful harassment; and how allegations of employment discrimination or unlawful harassment will be resolved.

This policy is consistent with the objectives and requirements of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, and the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as these laws have been amended, Presidential Executive Order 11246, the New York State Human Rights Law (Executive Law Sec. 290 et. seq.) and state and local anti-discrimination laws.

I.   **Prohibited Discrimination and Harassment**

A. **Unlawful Employment Discrimination**

Council personnel policies, practices and decisions, including but not limited to, recruitment, selection, hiring, compensation, social programs, work assignments, promotions, career development and advancement, transfers, discipline, discharge, or any other term or condition of employment, or application or selection process relating to employment, are to be established and administered without regard to race, color, creed, religion, national origin, alienage or citizenship status, gender, gender identity and expression, age, sexual orientation, domestic partnership status, disability or medical condition (including having or being perceived as having HIV/AIDS-related conditions), lawful occupation and ethical adherence thereto, arrest record, marital status, family status, genetic predisposition or carrier status, status as a victim of domestic violence, sex offenses, or stalking, military status, or for engaging in any protected equal employment opportunity activity.

For qualified individuals with disabilities, the Council follows a policy of making reasonable accommodations to enable such individuals to perform the essential functions of their positions. The Equal Employment Opportunity Counsel in the Office of the General Counsel shall determine what reasonable accommodations Council Members, managers and supervisors are responsible for providing for employees to perform essential job functions.


Plaintiff's Exhibit 9
Karen Perlman
date: 8/13/07

### B. Unlawful Harassment

Unlawful harassment is defined as:

**1. Inappropriate Sexual Conduct**: Any unwanted or unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature when:

1. Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; or
2. Submission to or rejection of such conduct by an individual is used as a basis for employment decisions affecting such individual; or
3. Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. The conduct need not be a condition or requirement for continued employment, promotion or other tangible employee benefit.

**2. Creating a Sexually Offensive Working Environment**: Harassment shall also include the display or sharing of pictures, posters, calendars, graffiti, objects, promotional materials, reading materials, internet sites, e-mails, or other materials that are sexually explicit, sexually demeaning, or pornographic.

**3. Bias-Related Harassment:** Unlawful harassment includes behavior towards other Members or employees of the Council, constituents, vendors, visitors and or any other individuals with whom the Member or employee interacts within his or her capacity, that is unwelcome, unsolicited and/or unwanted, which offends, humiliates, embarrasses, intimidates, or otherwise causes distress because of a person's race, color, creed, religion, national origin, alienage or citizenship status, gender, gender identity and expression, age, sexual orientations, domestic partnership status, disability or medical condition (including having or being perceived as having HIV/AIDS-related conditions), lawful occupation and ethical adherence thereto, arrest record, marital status, family status, genetic predisposition or carrier status, status as a victim of domestic violence, sex offenses, or stalking, military status, or for engaging in any protected equal employment opportunity activity.

Unlawful harassment does not include good faith employment actions taken by a supervisor or manager, such as offering constructive feedback and criticism, holding employees accountable, and providing discipline, where appropriate. These employment actions are aimed at enhancing workplace productivity and addressing work performance. These actions are within the responsibilities and obligations of Council Members, supervisors and managers.

II. **Coverage**

The policy applies to all Members and employees of the City Council.[1]

III. **Prohibition on Retaliation**

No Member or employee of the City Council shall be subject to any form of retaliation because they report, complain or, provide information, assistance and/or testimony related to any complaint of employment discrimination or unlawful harassment.

IV. **Complaint Process**

The following complaint process shall apply to any complaint of employment discrimination or unlawful harassment (hereinafter "discrimination or harassment").

### A. Fair Intervention Committee (FIC)

The Speaker shall appoint at the outset of the Speaker's term the following individuals to serve on the Fair Intervention Committee:

   a. The Senior Human Resources employee in the Department of Administrative Services;
   b. The EEO Counsel of the General Counsel's Office;
   c. The Chief of Staff or a Deputy Chief of Staff to the Speaker.

The FIC shall be charged with investigating and substantiating reports of discrimination or harassment in accordance with Section V of this Policy. The names of the individuals serving on the Committee shall be circulated to all Members and employees of the City Council.

### B. Filing an Discrimination or Harassment Complaint

A Member or employee of the City Council who believes that he or she has been subjected to discrimination or harassment must immediately file a report with a member of the FIC. The person alleging discrimination or harassment must complete a "Discrimination and Harassment Report Form," available on the City Council intra-net site, at the General Counsel's Office, and in the Office of Administrative Services. The Form can be filed with the FIC by delivering it to any member of the FIC by hand-delivery, U.S. Mail, interoffice mail, or by fax. If any Member or employee serving in a supervisory capacity receives a completed Discrimination and Harassment Report Form,

---

[1] For the purpose of this policy, the term "employees" shall include all full-time and part-time employees, paid or unpaid employees, temporary employees, interns, and consultants to the City Council who work either on the central staff of the City Council or who work directly for a Member of the City Council.

such Member or supervisor must submit such report form to a member of the FIC on the complainant's behalf using any of the filing procedures outlined above.

### C. Complaint Review Process

The FIC will investigate every allegation of unlawful discrimination or harassment that it receives in accordance with Section V of this policy. Employees shall be authorized to meet with FIC members during work hours without informing their supervisors of the specific nature of the meeting. Supervisors may not deny an employee permission to attend a meeting with the FIC.

### D. Confidentiality

All records and information relating to complaints or investigations of unlawful discrimination or harassment shall be kept confidential to the extent practicable. The City Council cannot guarantee complete confidentiality. All records and reports relating to any allegations of discrimination or harassment will be maintained by the EEO Counsel in the Office of the General Counsel.

### E. Filing a Complaint of Discrimination or Harassment with a Federal, State or New York City Agency.

When a Member or employee of the City Council files a report of discrimination or harassment with the FIC, the individual may simultaneously file charges of unlawful discrimination or harassment with the United States Equal Employment Opportunity Commission, the State of New York Division of Human Rights, and/or the New York City Commission on Human Rights Office, and may exercise any other rights to address the alleged unlawful employment discrimination or harassment under City, State or Federal law. This complaint review process will not affect the statute of limitations for any claim of discrimination or harassment under any federal, state, or local law.

## V.  Complaint Review, Resolution, and Remedies

The FIC will investigate every allegation of discrimination or harassment that it receives in accordance with this section. The investigation, fact-finding and resolution of a complaint will be different depending on whether the subject of the report is a Member, an employee of the Council central staff, or an employee of a Council Member.

### A. Unlawful Discrimination or Harassment By Employees of the Council Central Staff

The FIC shall promptly investigate every allegation of unlawful discrimination or harassment it receives against an employee of the City Council. Where the FIC finds that a complaint does not constitute discrimination or harassment, the investigation will be closed. If the FIC determines that discrimination or harassment has occurred, it will recommend to the Speaker appropriate corrective measures to address past, present and

future discrimination or harassment, as well as disciplinary measures ranging from required counseling or an oral warning, to suspension, demotion or discharge.

### B. Discrimination or Harassment By Employees of a Council Member

The FIC shall promptly investigate every allegation of discrimination or harassment it receives against an employee of a Council Member. Where the FIC finds that a complaint does not constitute discrimination or harassment, the investigation will be closed. Because the Members of the Council employ individuals directly, if the FIC determines that an employee of a Member has violated this Policy, it will recommend remedial and disciplinary action to the Member and shall provide notice of such recommendations to the Speaker. The Member will promptly determine what action to take, and will notify the FIC of his or her decision. If the Member fails to take action to address the discrimination or harassment, the FIC shall refer the matter to the Committee on Standards and Ethics for further consideration.

### C. Discrimination or Harassment by Members of the City Council

The FIC shall promptly initiate an investigation into every allegation of discrimination or harassment it receives against a Member of the Council. Where the FIC finds that a complaint does not constitute an allegation of discrimination or harassment, the investigation will be closed. If the FIC determines that a complaint does constitute an allegation of discrimination or harassment, it shall promptly investigate such allegations and present a report to the Committee on Standards and Ethics, containing such allegations, the Member's response to the allegations, and the evidence considered by the FIC. The FIC shall present the report to the Committee on Standards and Ethics in an Executive Session.

The Committee on Standards and Ethics shall review the report of the FIC. The Committee may, upon approval of the majority of its members, conduct further investigations and may call any witnesses to testify. The Committee may also determine at any point to retain outside counsel or to appoint an outside fact-finder to consider the allegations and the evidence.

The Committee on Standards and Ethics shall make a determination as to whether the allegations are founded or unfounded and will issue a final report containing findings of fact and, if appropriate, recommendations to the Speaker for appropriate action. If the final report recommends sanctions that require approval of the Council, the matter will be referred to the full Council.

The Committee on Standards and Ethics may ratify a FIC finding that a complaint against a Council Member did not constitute an allegation of discrimination or harassment, upon request of the Council Member who is the subject of the complaint.

## VI. Training and Education

The City Council will provide all Members and employees of the Council with training and education on how to comply with this policy. Successful completion of the training program is mandatory for Council Members and is a condition of employment for all employees.