UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x    ECF CASE

VIOLA PLUMMER,                                    x    07 Civ. 6154 (WHP)

          Plaintiff,                       x

   -against-                                   x    **LOCAL RULE 56.1**
                                                               **STATEMENT**
CHRISTINE QUINN, Speaker of the Council    x
of the City of New York,
                                                               x

          Defendant.
------------------------------------------------------------x

Pursuant to Local Rule 56.1 of the Civil Rules of this Court, plaintiff submits its response to Defendants' statement of material facts as to which there is no genuine issue to be tried:

    1. Plaintiff concedes the facts of this paragraph, with the exception that plaintiff also alleges that Defendant had no authority to suspend and terminate her. (Defendant Exhibit A, ¶ 1.

    2. Plaintiff concedes the facts of this paragraph

    3. Plaintiff concedes the facts of this paragraph

    4. Plaintiff disputes the fact of this paragraph.

    5. Plaintiff concedes the facts of this paragraph

    6. Plaintiff concedes the facts of this paragraph

    7. Plaintiff concedes the facts of this paragraph

    8. Plaintiff concedes the facts of this paragraph

    9. Plaintiff concedes that he so testified but denies that she was disruptive (See Exhibit C, Plummer Depo.p 21).

10. Plaintiff disputes the facts of this paragraph. Plaintiff made one comment, a "gasp."(See Defendant Exhibit C at p. 22). These are all hearsay statements (see Exhibit E at pp. 26-27; Exhibit F.at pp. 26-31)

11. Plaintiff concedes that she so testified, but disputes that she made "outbursts... It was hearsay (See Exhibit F at p. 33)

12. Plaintiff concedes the facts of this paragraph

13. Plaintiff concedes that she so testified but disputes the facts of this paragraph. Statements regarding the Black, Latino and Asian Caucus were hearsay. (See Exhibit F at pp. 34, 43-44.)

14. Plaintiff concedes the facts of this paragraph.

15. Plaintiff concedes the facts of this paragraph

16. Plaintiff concedes the facts of this paragraph

17. Plaintiff concedes the facts of this paragraph

18. Plaintiff concedes the facts of this paragraph

19. Plaintiff concedes the facts of this paragraph

20. Plaintiff concedes the facts of this paragraph

21. Plaintiff concedes the facts of this paragraph.

22. Plaintiff concedes the facts of this paragraph.

23. Plaintiff concedes the facts of this paragraph

24. Plaintiff disputes the facts of this paragraph. The seating rule was not strictly enforced until July of 2007.

25. Plaintiff concedes the facts of this paragraph

26. Plaintiff concedes the facts of this paragraph

27. Plaintiff concedes the facts of this paragraph

28. Plaintiff concedes the facts of this paragraph

29. Plaintiff concedes the facts of this paragraph

30. Plaintiff concedes that he so testified.

31. Plaintiff concedes that he so testified.

32. Plaintiff concedes that he so testified but disputes the facts of this paragraph. Plaintiff testified that she uses the word when she is angry but did not remember using it that day. See Exhibit C, p 30.

33. Plaintiff concedes the facts of this paragraph

34. Plaintiff concedes that she so testified.

35. Plaintiff concedes the facts of this paragraph

36. Plaintiff concedes the facts of this paragraph

37. Plaintiff concedes that she so testified.

38. Plaintiff concedes the facts of this paragraph

39. Plaintiff concedes the facts of this paragraph

40. Plaintiff concedes that the testimony was given but disputes the facts alleged.

41. Plaintiff concedes the facts of this paragraph

42. Plaintiff concedes the facts of this paragraph

43. Plaintiff concedes the facts of this paragraph

44. Plaintiff concedes the facts of this paragraph

45. Plaintiff concedes the facts of this paragraph

46. Plaintiff concedes the facts of this paragraph

47. Plaintiff concedes that he so testified.

48. Plaintiff concedes that she so testified.

49. Plaintiff concedes the facts of this paragraph.

50. Plaintiff concedes that he so testified.

51. Plaintiff concedes the facts of this paragraph.

52. Plaintiff concedes that she so testified.

53. Plaintiff concedes that she so testified.

54. Plaintiff concedes that she so testified.

55. Plaintiff concedes that she so testified.

56. Plaintiff concedes that he so testified.

57. Plaintiff concedes that he so testified.

58. Plaintiff concedes the facts of this paragraph..

59. .Plaintiff concedes the facts of this paragraph.

60. Plaintiff concedes the facts of this paragraph

61. Plaintiff concedes the facts of this paragraph

62. Plaintiff concedes the facts of this paragraph

63. Plaintiff concedes the facts of this paragraph

64. Plaintiff concedes the facts of this paragraph

65. Plaintiff concedes the facts of this paragraph

66. Plaintiff concedes the facts of this paragraph

67. Plaintiff concedes the facts of this paragraph

68. Plaintiff concedes the facts of this paragraph Plaintiff concedes the facts of this paragraph.

**ADDITIONAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED**.

69. The Speaker has no authority to suspend and or terminate employees of individual council members (See Plaintiff Exhibit 1, New York City Charter in regards to the City Council; Exhibit O, Rules of the Council).

70. The Speaker was obligated to use the New York City Council Policy Against Employment Discrimination and Unlawful Harassment to address the concerns she had with Plaintiff around the May 30, 2007 events.(Exhibit F, Quinn Depo. P 132; Exhibit I, Kawadler Depo. pp. 26-28

71. Plaintiff did not disrupt the Public Safety Meeting chaired by Councilmembers Vallone and Seabrook in early 2007. (Exhibit C, pp. Plummer Depo pp. 21-22)

72. Plaintiff did not disrupt Committee meetings during her tenure as Chief of Staff for Charles Barron Exhibit F, Quinn Depo pp 26-29) .

72. Defendant Quinn's suspension and firing of plaintiff were tied to her race, her speech and advocacy for the Black community Exhibit D, Barron Depo. pp 23-24).

73. The Speaker used her influence to orchestrate the vote to defeat the Sonny Carson co-naming along racial lines. (Exhibit D, Barron Depo. Pp 23-34, Exhibit J, Comrie, Depo p 12)

74. Plaintiff's comments about ending Council member Comrie's political career were a legitimate and constitutionally protected expression of her dissatisfaction with her elected representative. Exhibit F, Quinn Depo. p. 130.

75. There is no "inherent power as Speaker" which gives the Speaker the authority to take personnel or disciplinary action against staff of individual council members. (Exhibit I, Kawadler Depo p. 51)

76. The City Council is solely a legislative body, not an agency of New York City.

(Exhibit I, Kawadler, Depo. P.51; Exhibit F, Quinn Depo. P. 11; Exhibit 1, NYC Charter)

Dated:.      Brooklyn, New York
             November 13, 2007

                                     _____
                                     ROGER S. WAREHAM (RW4751)
                                     394 Putnam Avenue
                                     Brooklyn, NY 11216
                                     (718) 230-5270


                                     _____
                                     NOAH A. KINIGSTEIN
                                     315 Broadway
                                     New York, NY 10007
                                     (212) 285-9300

Docket # 07 Civ. 6154 (WHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIOLA PLUMMER,

                                      Plaintiff,

-against-

CHRISTINE QUINN, Speaker of the Council
of the City of New York, CITY OF NEW YORK

                                      Defendants

**PLAINTIFF'S LOCAL RULE 56.1 STATEMENT**

ROGER S. WAREHAM, Esq.
394 Putnam Avenue
Brooklyn, NY 11216
Tel: (718) 230-5270

NOAH A KINIGSTEIN, Esq.
315 Broadway
New York, New York 10007
(212) 285-9300

Due and Timely Service is hereby admitted.

New York, NY _____, 2007

_____, Esq.

Attorney for _____