Docket No. 07 Civ. 6154 (WHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIOLA PLUMMER,

Plaintiff,

-against-

CHRISTINE QUINN, Speaker of the City Council,
CITY OF NEW YORK,

Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Paul Marks*
*James M. Lemonedes*
*Eric Eichenholtz*

*Tel: (212) 788-0885*
*Matter No. 2007-021010*

**TABLE OF CONTENTS**

**Page**

ARGUMENT..........................................................................................................1

    POINT I...........................................................................................................1

        PLAINTIFF HAS FAILED TO DEMONSTRATE
        ANY DISPUTED ISSUE OF MATERIAL FACT

    POINT II..........................................................................................................2

        THE LEGAL ISSUE CONCERNING THE
        SPEAKER'S AUTHORITY IS NOT RELEVANT
        OR APPROPRIATELY BEFORE THIS COURT

    POINT III.........................................................................................................4

        PLAINTIFF'S SPEECH WAS SUFFICIENTLY
        DISRUPTIVE THAT IT JUSTIFIES HER
        SUSPENSION AND ULTIMATE
        TERMINATION

    POINT IV.........................................................................................................7

        PLAINTIFF HAS FAILED TO ESTABLISH AN
        EQUAL PROTECTION CLAIM

    POINT V..........................................................................................................9

        PLAINTIFF HAS FAILED TO ESTABLISH AN
        ACTIONABLE SUBSTANTIVE DUE PROCESS
        CLAIM

    POINT VI.........................................................................................................9

        DEFENDANT QUINN IS ENTITLED TO
        QUALIFIED IMMUNITY

CONCLUSION....................................................................................................10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

VIOLA PLUMMER,

                                   Plaintiff,

              -against-                      07 Civ. 6154 (WHP)

CHRISTINE QUINN, Speaker of the City Council,
CITY OF NEW YORK,

                                 Defendants.

------------------------------------------------------------------------ x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### ARGUMENT

### POINT I

### PLAINTIFF HAS FAILED TO DEMONSTRATE ANY DISPUTED ISSUE OF MATERIAL FACT

A review of plaintiff's response to defendants' Local Rule 56.1 Statement of Undisputed Facts clearly demonstrates that there are no genuine disputes of material fact in this matter and that summary judgment is appropriate. Local Rule 56.1 requires a party responding to a statement of undisputed material facts to include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving part in order to indicate whether the party admits the fact and, if the party disputes the fact, to show the admissible evidence supporting such denial. See Local Rule 56.1. Plaintiff has, for the most part, conceded the paragraphs of defendants' Local Rule 56.1 statement. Plaintiff only disputes paragraphs 4,

10, 11 and 24 of defendants' 68 paragraph Rule 56.1 Statement.[1]  However, none of these denials cite admissible evidence that demonstrates a disputed issue of material fact.  Rather, plaintiff mostly opposes with "nothing but unsupported, conclusory statements and denials to refute defendants' properly-supported . . . Rule 56.1 Statement."  Loucar v. Boston Market Corporation, 294 F.Supp.2d 472, 478 (S.D.N.Y. 2003).  Moreover, while plaintiff submits seven additional paragraphs in her Rule 56.1 statement, those paragraphs consist entirely of irrelevant factual allegations (see Plaintiff's Rule 56.1 Statement ¶¶ 69, 73, 76), or broad and baseless legal conclusions that mischaracterize the material (if any) to which plaintiff cites (see Plaintiff's Rule 56.1 Statement ¶¶ 70, 71, 72, 74, 75).  Plaintiff's failure to dispute defendants' Rule 56.1 statement in any material manner makes it quite clear that this matter is before the Court on a record devoid of any material dispute of fact for which a trial would be necessary.

## POINT II

### THE LEGAL ISSUE CONCERNING THE SPEAKER'S AUTHORITY IS NOT RELEVANT OR APPROPRIATELY BEFORE THIS COURT

Plaintiff focuses virtually her entire opposition on one issue (and a legal issue at that).  In the first point of the memorandum, plaintiff asserts that the issue of the Speaker's alleged lack of authority to suspend and terminate plaintiff is central to her case.  Then plaintiff spends the bulk of her memorandum making unavailing efforts to tie the Speaker's alleged lack of authority into the three constitutional claims currently before this Court.  However, it is quite clear that, as a legal and logical matter, this issue is not relevant to the issues to be decided by

---

[1] Plaintiff erroneously objects in several paragraphs that defendants used "hearsay" statements in their Local Rule 56.1 statement.  What plaintiff fails to appreciate is that these statements are not being offered for the truth of their contents, but rather to show what information Speaker Quinn had, and thus her state of mind, at the times she decided to suspend and terminate plaintiff.  Thus, these statements are not hearsay. See Fed. R. Evidence 802.

this Court. Simply put, if plaintiffs' speech was not protected under the Pickering test, then

Speaker Quinn did not violate the First Amendment by taking action concerning that speech. If

Speaker Quinn did not treat plaintiff any differently than others similarly situated, Speaker Quinn

did not violate plaintiff's Fourteenth Amendment right to equal protection. And if Speaker

Quinn did not act in a manner that shocks the contemporary conscience, than she did not violate

plaintiff's Fourteenth Amendment right to substantive due process. Thus, whether the Speaker

was actually entitled under the City Charter to take disciplinary action against plaintiff has no

bearing on the constitutional questions before the Court which can be easily resolved without

reaching this discrete issue of state law.[2]

---

[2] In view of the fact that plaintiff is claiming that the issue of the Speaker's authority to discipline employees is central to her case, it bears noting that plaintiff has not cited one rule, regulation, case or policy that would support her argument that Council Member Barron is her "employer and boss." Rather, the argument instead focuses on the lack of explicit support for the Speaker's administrative authority over Council operations. However, this argument fails to take into account that the Council has long permitted and authorized the Speaker, as its democratically elected leader, to exercise the powers of appointment and removal of Council staff that are conferred, in the first instance, upon the Council by sections 45 and 47 of the New York City Charter. Cf. Fung v. Taxi and Limousine Commission, ___ A.D.3d ___, 2007 NY Slip Op 8863, 2007 N.Y. App. Div. LEXIS 11774 (1st Dept. November 15, 2007).

Indeed, a careful review of the provisions of the City Council Rules cited by plaintiff demonstrate that the power vacuum of central administrative authority that plaintiff mistakenly suggests exists has long been filled by the Speaker. Section 2.40 of the Council Rules, which provides for extensive reporting by the Speaker concerning the Council's employees and positions, is miscited by the plaintiff as indicative of a lack of power, but in fact this provision necessarily presupposes that the Speaker is, in fact, responsible and accountable for the matters described therein. Similarly, section 2.60, which restricts the Speaker from reducing amounts for individual offices of Council Members in certain circumstances and also regulates supplementation of member allocations, also presupposes that the Speaker is otherwise authorized to exercise day-to-day administrative functions, including budget administration. To read the Council's rules otherwise would render those provisions incoherent and incomprehensible. Moreover, because the City Council possesses local legislative authority in the City of New York, separation of powers principles suggest that this Court should grant deference to the internal practices and structure adopted by the Council, including the hiring and firing of its staff. Thus, contrary to plaintiff's empty and mocking retort that the Speaker's authority to suspend and terminate plaintiff is a "twenty-first century version of the feudalistic

Indeed, if plaintiff wished to challenge the Speaker's authority, the only vehicle to do so is an Article 78 proceeding alleging that Speaker Quinn's actions were unauthorized. See N.Y. CPLR §7803(3). Plaintiff did not assert a claim under Article 78 in this action, nor could she, as this Court lacks jurisdiction over such claims. See Abato v. New York City Off-Track Betting Corp., Docket No. 03 Civ. 5849 (LTS)(HBP), 2007 U.S. Dist. LEXIS 41846 *29-31 (S.D.N.Y. June 7, 2007); Brevot v. New York City Department of Education, Docket No. 04 Civ. 7959 (GEL), 2007 U.S. Dist. LEXIS 16109 *28-32 (S.D.N.Y. March 5, 2007); Morningside Supermarket Corp. v. New York State Department of Health, 432 F.Supp.2d 334, 346 (S.D.N.Y. 2006); Kelly v. City of Mount Vernon, 344 F.Supp.2d 395, 406 (S.D.N.Y. 2004); Cartagena v. City of New York, 257 F.Supp.2d 708, 709 (S.D.N.Y. 2003) (dispute that falls within the scope of Article 78 should be addressed by state courts). Thus, not only is the issue of the Speaker's authority to discipline plaintiff not an element of plaintiff's constitutional claims, it is an issue that would have to be resolved by the state courts.

## POINT III

### PLAINTIFF'S SPEECH WAS SUFFICIENTLY DISRUPTIVE THAT IT JUSTIFIES HER SUSPENSION AND ULTIMATE TERMINATION

With respect to plaintiff's First Amendment claims, plaintiff's argues that although plaintiff's speech was "annoying and technically 'disruptive,'" plaintiff's speech was insufficiently disruptive to justify defendants' conduct. In her memorandum, plaintiff makes the preposterous suggestion that if her speech did not single-handedly bring the workings of the City Council to a halt, it is not "disruptive." See Pl. Mem. at p. 4 ("the vote on the street co-naming

---

divine right of queens," the Speaker's authority actually arises from the practices and structure of the New York City Council.

took place and the agenda of the Stated Meeting of May 30th was completed."). Not surprisingly, plaintiff cites no law for this argument. Rather, the law is clear that disruptive speech is not just speech that is so severely disruptive that it brings the government to its knees, but is instead speech that impairs "the efficiency of government operations." Jefferies v. Harelston, 52 F.3d 9, 10 (2d Cir 1995). Thus, even "disrespectful" remarks that impair the efficient operation of the government can be sufficiently disruptive to warrant termination. See Sheppard v. Beerman, 317 F.3d 351, 355-356 (2d Cir. 2003). In this case, plaintiff has admitted to yelling during the speeches of multiple council members and to stating that she would "assassinate" the "ass" of a Council Member. This is clearly disruptive speech for purposes of the Pickering balancing test. Indeed, it is quite clear based on the video and audio recordings submitted to the Court that plaintiff's conduct delayed and disrupted the City Council's ability to efficiently debate. See Exhibits "P," "Q." Thus, there can be no dispute that plaintiff's conduct was disruptive.

Plaintiff also misapprehends the issues concerning the defendants' anticipation of further potential disruption caused by plaintiff's remarks, in particular the remarks concerning the assassination of Council Member Comrie's "ass." Plaintiff's opposition ignores the simple fact that plaintiff, who claims that she is a respected member of her community, called for an assassination. While plaintiff may have personally meant the comment as a political attack on Council Member Comrie, it is clear that other individuals may hear plaintiff's comment with a more literal view. In a Council that has recently experienced an assassination, plaintiff's call for another assassination was disruptive and even dangerous, regardless of plaintiff's self-serving characterizations of her motives. See Exhibit "E", Meara Dep. at pp. 30-31; Exhibit "F", Quinn Dep. at p. 121.

Plaintiff also makes unavailing attempts to distinguish Washington v. National Railroad Passenger Corporation, 2003 U.S. Dist. LEXIS 16104 (S.D.N.Y. Sept. 12, 2003). First, plaintiff notes that the plaintiff in Washington had an opportunity to explain herself to her supervisors.[3] This fact, however, was not relevant to the analysis in the Washington case. Plaintiff then makes a laughable attempt to attempt to characterize the decision to reject the proposal to name a street after Sonny Carson as "institutional racism" and analogize it to "systematic racial discrimination." There is absolutely no evidence in the record for such a conclusion.

Finally, plaintiff points to the fact that Washington contemplates a situation where a trial might be necessary to resolve disputed issues of fact relevant to the Court conducting a Pickering analysis and then states "the instant case is one of those alluded to" in Washington. Plaintiff, of course, provides no analysis for this statement, nor can she. Indeed, here, as in Washington, the material facts concerning plaintiff's disruptive speech are undisputed and therefore there are no factual issues that would prevent this Court from resolving the First Amendment issues as a matter of law.

---

[3] Defendants also note that, in this case, it was undisputed that plaintiff was given the opportunity to sign a letter agreeing not to engage in specific disruptive conduct in the future and to obey the instructions of the Sergeant-at-Arms and presiding officer prior to her termination. See Eichenholtz Decl., Exhibit "T." Plaintiff was terminated only after refusing to sign this document.

## POINT IV

## PLAINTIFF HAS FAILED TO ESTABLISH AN EQUAL PROTECTION CLAIM

As set forth in defendants' moving papers, cannot establish an equal protection claim because plaintiff cannot establish she was treated differently than anyone similarly situated.[4] Nonetheless, plaintiff makes several erroneous arguments in an attempt to persuade this Court that she has an equal protection claim where none exists. Plaintiff first claims that she has shown evidence of disparate treatment by being allegedly singled out for discipline and that the defendants did not use the procedure set forth in the City Council Policy Against Unlawful Harassment and Discrimination. Neither of these claims have any factual support in the record before this Court.

Plaintiff's claims of selective treatment fail for the simple reason that plaintiff has not established that she was treated any differently than others similarly situated. While plaintiff makes frequent reference to the fact that her termination was apparently unprecedented, plaintiff ignores the undisputed facts which demonstrate that she was treated in an unprecedented manner because (to the best knowledge of those in the decision making process) plaintiff's *conduct* was unprecedented. See Exhibit "F", Quinn Dep. at pp. 108-111; Exhibit "G", Gotbaum Dep. at pp. 21-22. Plaintiff points to no other individuals who engaged in analogous conduct who were treated any differently. Plaintiff only refers to the very different case of Council Member Gallagher who was indicted for rape earlier this year. However, Council Member Gallagher is an elected council member facing criminal charges for personal misconduct. He is not a staff

---

[4] In her opposition, plaintiff retreats from her race discrimination theory and instead argues that she is in a "class of one." However, plaintiff cannot prevail on such a theory as she still cannot establish that she was treated differently. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

member and therefore is not a proper comparator to plaintiff. See Norville v. Staten Island Hospital, 196 F3d 89, 96 (2d Cir. 1999) ("In order for employees to be similarly situated for the purposes of establishing a plaintiff's prima facie case, they must have been subject to the same standards governing performance evaluation and discipline . . ."). Under these circumstances, there is simply no basis for plaintiff's claims of disparate treatment or selective prosecution.

Plaintiff also alleges that the Speaker did not follow proper procedure in deciding to suspend and/or terminate the plaintiff because, plaintiff alleges, Speaker Quinn did not follow the City Council Policy against Unlawful Discrimination and Harassment when terminating plaintiff. However, this policy was not applicable to the plaintiff's case. By its very terms, the policy refers solely to resolving complaints of employment discrimination and harassment. See Declaration of Roger Wareham, dated November 13, 2007, Exhibit 2 at p. 1 ("This policy sets forth . . . the process for addressing allegations of employment discrimination or unlawful harassment."). Plaintiff was not suspended for employment discrimination or harassment. Thus, the policy was not used in plaintiff's case for the simple reason that it was inapplicable to plaintiff's misconduct.[5] Because plaintiff cannot establish that she was treated in a different manner than any other individual similarly situated, her equal protection claim must be dismissed.

---

[5] Plaintiff's characterization that Speaker Quinn made her decision "without a second thought regarding the department's policy and procedures" is belied by the undisputed record before this Court, which shows that Speaker Quinn had staff research the issue and engaged in several discussions prior to determining what action should be taken concerning plaintiff. See Exhibit "F", Quinn Dep. at pp. 47, 121-122.

## POINT V

### PLAINTIFF HAS FAILED TO ESTABLISH AN ACTIONABLE SUBSTANTIVE DUE PROCESS CLAIM

Plaintiff does not offer any opposition to the argument that, since plaintiff has identified specific constitutional provisions that concern her claim, she cannot proceed under the more generalized notion of substantive due process. Instead, plaintiff claims that the fact that she was terminated without a hearing was shocking to the contemporary conscience. This is an issue of procedural due process.[6] Moreover, it is clear that many public employees, including plaintiff can be and are terminated without a hearing or a statement of reasons. See McPherson v. New York City Department of Education, 457 F.2d 211, 216 (2d Cir. 2006); Swinton v. Safir, 93 N.Y.2d 758 (1999); York v. McGuire, 63 N.Y.2d 760 (1984); Preddice v. Callanan, 69 N.Y.2d 812, 813-14 (1987). Plaintiff's claim that the routine act of summarily terminating a non-tenured public employee is shocking to the conscience is utter nonsense. Finally, as set forth above, plaintiff's argument concerning the Speaker's alleged lack of authority is at best a technical issue of state law and certainly is not sufficiently severe to shock the contemporary conscience. Therefore, it is clear that plaintiff's substantive due process claim must be dismissed.

## POINT VI

### DEFENDANT QUINN IS ENTITLED TO QUALIFIED IMMUNITY

Plaintiff does not offer much substantive opposition to defendants' argument that Speaker Quinn is entitled to qualified immunity. Nonetheless, it should be noted that the fact

---

[6] Plaintiff has withdrawn her procedural due process claims.

that previous cases establish the general notion that public employees have constitutional rights (Pl. Mem., at p. 16) is of no moment when considering whether the conduct in this case has been clearly established to be unconstitutional.  Rather, "[t]he right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established." See Peries v. N.Y. City Bd. of Educ., 2001 U.S. Dist. LEXIS 23393 (E.D.N.Y. 2001), citing Wilson v. Layne, 526 U.S. 603 (1999).   No existing case has declared the termination of an employee for disruptive conduct analogous to the plaintiff herein to be unconstitutional. Therefore Speaker Quinn is entitled to qualified immunity.

## CONCLUSION

For the reasons set forth above as well as in defendants' moving papers, defendants respectfully request that the Court issue an order granting its motion for summary judgment and dismissing plaintiff's second amended complaint in its entirety, with prejudice, and awarding defendants such other and further relief as this Court may deem just and proper.

Dated:        New York, New York
              November 20, 2007

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 2-104
                                        New York, New York 10007
                                        (212) 788-0895

                                        By: _____
                                            ERIC EICHENHOLTZ
                                            Assistant Corporation Counsel

PAUL MARKS,
JAMES M. LEMONEDES,
ERIC EICHENHOLTZ
Of Counsel.

- 10 -