UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

VIOLA PLUMMER

                                              Plaintiff,

                                                            Docket No.: 07 Civ. 6154 (WHP)


                            -against-


CHRISTINE QUINN, Speaker of the City Council,
CITY OF NEW YORK
                                              Defendants.

----------------------------------------------------------------------x



## <u>PRE-TRIAL ORDER</u>


1. <u>**CAPTION:**</u>

     The full caption of the action is as above stated.

2. <u>**TRIAL COUNSEL:**</u>

Plaintiff's Counsel:

          Roger Wareham, Esq.
          394 Putnam Avenue
          Brooklyn, NY 11216
          Tel.: (718) 230-5270
          Fax.: (718) 230-5273

          Noah A. Kinigstein, Esq.
          315 Broadway, Suite 200
          New York, NY 10007
          Tel.: (212) 285-9300
          Fax.: (212) 385-2608

Defendants' Counsel:

      Michael A. Cardozo
      Corporation Counsel
      City of New York
      100 Center Street
      New York, NY 10007
      (212) 788-0885

      Of Counsel:
      James M. Lemonedes
      Eric Eichenholtz

      Elizabeth Fine
      General Counsel, New York City Council
      250 Broadway
      New York, New York 10007

      Of Counsel:
      Elizabeth Fine
      Alvin Bragg

3. Subject matter jurisdiction is based on 28 U.S.C. sec. 1331 and 1343(a)(3).

## 4.  **CLAIMS AND DEFENSES**

Plaintiff's Claims are:

    a.      Ms. Plummer's rights under the First Amendment of the United States Constitution were violated when she was terminated from her employment as Mr. Charles Barron's Chief of Staff on July 9, 2007, by the defendant Christine Quinn, the head of the New York City Council in retaliation for her exercise of protected free speech on a matter of public concern.

    b.      Ms. Plummer's rights have been violated under the laws of the State of New York and the Constitution of the State of New York, i.e. the defendants lack authority under the laws of New York State to suspend and/or terminate Ms. Plummer.[1]

Defendants' Defenses are:

    a. Plaintiff has failed to establish any of her causes of action.

---

[1] Defendants object to plaintiff's identification of this claim to be tried.  Following the Court's decision on defendants' summary judgment motion, the only remaining claim is plaintiff's First Amendment claim.  Nowhere in the Second Amended Complaint does plaintiff assert a claim for a violation of "the laws of the State of New York" concerning the authority to terminate plaintiff nor, as discussed in defendants' summary judgment motion papers, would such a claim properly be considered by this Court.

b. Plaintiff has failed to establish municipal liability.

c. Christine Quinn is entitled to qualified immunity.

5. **JURY TRIAL:**

The case is to be tried by a jury.

6. **CONSENT TO TRIAL BEFORE A MAGISTRATE JUDGE:**

The parties have not consented to a trial before a magistrate judge.

7. **STIPULATIONS:**

8. **WITNESSES:**

Plaintiff's Witnesses:

1. Viola Plummer- will testify in person

2. Charles Barron- will testify in person

3. Ms. Betsy Gotbaum will testify through excerpts of her deposition.[2]

4. Ms. Christine Quinn will testify through excerpts from her deposition.

Plaintiff reserves the right to call any witness listed by defendants above for their case-in-chief. Plaintiff further reserves the right to call additional witnesses for rebuttal and/or impeachment, depending upon the trial testimony elicited by defendants.

Defendants' Witnesses:[3]

1. Speaker Christine Quinn
2. Public Advocate Betsy Gotbaum
3. Charles Meara
4. Carl D'Alba

---

[2] Defendants object to plaintiff's use of Ms. Gotbaum's deposition transcript, as Ms. Gotbaum is available to testify in this case.  See Fed. R. Civ. Pro. Rule 32.

[3] Plaintiff objects to the inclusion of Council Members Lapin, Seabrook, Jackson, Arroyo, Fidler and Garodnick as Defendants' witnesses on the grounds that the only notice received about each of these witnesses (with the exception of Lapin) is that defendant Quinn met with them to "assess the disruption caused by Ms. Plummer's outbursts" (Defendants' Objection and Response to Plaintiff's Interrogatory #16).  Thus their testimony will only be improperly buttressing that of Defendant Quinn. In regards to Council Member Lapin, Plaintiff has received no notification of what, if any role, she had in this incident and objects to her inclusion at this point.

   5.  Council Member Leory Comrie
   6.  Council Member Peter Vallone, Jr.
   7.  Council Member Jessica Lappin
   8.  Council Member Larry Seabrook
   9.  Council Member Robert Jackson
  10. Council Member Maria del Carmen Arroyo
  11. Council Member Lewis Fidler
  12. Council Member Daniel Garodnick
  13. Israel Martinez

Defendants reserve the right to call any witness listed by plaintiff above for their case-in-chief. Defendants further reserve the right to call additional witnesses for rebuttal and/or impeachment, depending upon the trial testimony elicited by plaintiff.

9. **DEPOSITION DESIGNATIONS:**

Betsy Gotbaum (plaintiff) :  p. 24: 20-25; p. 25:1-25; p. 26 1-5, 16-23
Christine Quinn (plaintiff): p. 50: 13-25; p. 51: 8-25; p. 52: 1-6; p. 53: 9-25; p. 54: 4-9

10. **EXHIBITS:**

| Plaintiff's Proposed Trial Exhibits | | |
|---|---|---|
| **Exhibit** | **Description** | **Objection**[4] |
| 1 | Letter of employment signed by Ms. Plummer and Councilman Barron signed September 5, 2005. | FRE 402, 403 |
| 2 | Chart of the New York City government | FRE 402, 403 |
| 3 | Letter of termination of July 9, 2007 | |
| 4 | Meara Letter to Plummer-June 28, 2007. | |
| 5 | New York City Council Policy Against Employment Discrimination and Unlawful Harassment. | FRE 402, 403 |
| 6 | Rules of the City Council | FRE 402, 403 |
| 7 | July 5, 2007 letter from Meara to Plummer. | |
| 8 | Transcript of Minutes of Stated Meeting of City Council of May 30, 2007 | |

---

4    Defendants specifically reserve all objections to all exhibits until plaintiff produces pre-marked copies of the proposed exhibits.  Defendants further reserve the right to introduce any proposed exhibit listed by plaintiff herein, and defendants further reserve all objections to any exhibit plaintiff seeks to introduce in his case-in-chief which is not listed herein.

| Plaintiff's Proposed Trial Exhibits | | |
|---|---|---|
| **Exhibit** | **Description** | **Objection**[4] |
| **9** | E-mail of July 9, 2007 from Meara to Quinn. | |

       Plaintiff specifically reserves all objections to all exhibits until defendants produce pre-marked copies of the proposed exhibits. Plaintiff further reserves the right to introduce any proposed exhibit listed by Defendants herein, and Plaintiff further reserves all objections to any exhibit defendants seek to introduce in their case-in-chief which is not listed herein.

       Plaintiff reserves the right to introduce exhibits and documents identified by the Defendants herein and to introduce other exhibits and documents for impeachment purposes.

       Plaintiff reserves the right to amend the schedule of exhibits and documents in this proposed Joint Pre-Trial Order.

       Plaintiff also reserves the right to object at the time of trial to the use or introduction of any exhibits or other documents by the Defendants for their case-in-chief which is not specifically identified herein.

| Defendants' Proposed Trial Exhibits | | |
|---|---|---|
| **Exhibit** | **Description** | **Objection** |
| **A** | Video Recording of May 30, 2007 City Council Meeting | |
| **B** | Audio Recording of Viola Plummer – May 30, 2007 | |
| **C** | June 1, 2007 Newsday Article Concerning Viola Plummer Comments | FRE 402, 403 |
| **D** | Flyer concerning Viola Plummer Comments | FRE 402, 403 |

Defendants reserve the right to introduce exhibits and documents identified by the Plaintiff herein and to introduce other exhibits and documents for impeachment purposes.

Defendants reserve the right to amend the schedule of exhibits and documents in this proposed Joint Pre-Trial Order.

Defendants also reserve the right to object at the time of trial to the use or introduction of any exhibits or other documents by the Plaintiff for his case-in-chief which is not specifically identified herein.

Dated:  New York, New York
           February 1, 2008


ROGER S. WAREHAM                         MICHAEL A. CARDOZO
Attorney for Plaintiff                            Corporation Counsel of the
394 Putnam Avenue                             City of New York
Brooklyn, New York 11216                  Attorney for Defendants
(718) 230-5270                                   100 Church Street, Room 2-104
                                                        New York, New York 10007
                                                        (212) 788-0885


By:  /s/_____      By:  /s/_____
        ROGER S. WAREHAM                        ERIC EICHENHOLTZ
                                                        Assistant Corporation Counsel