February 8, 2008

**BY HAND DELIVERY**

Hon. William H. Pauley, III
United States District Judge
Southern District of New York
500 Pearl Street, Room 2210
New York, NY 10007

                              Re: **Plummer v. Quinn et. al**
                                  Docket No.: 07 Civ. 6154 (WHP).

Dear Judge Pauley:

       I am co-counsel representing the plaintiff, Ms. Viola Plummer. At the conference on February 5, 2008, you granted the plaintiff until today to respond to the defendant's application for a stay pending the appeal. This letter brief is in response to the defendant's application and cross moves for a certification that the appeal is frivolous and, as such, barred. For purposes of this argument, the plaintiff incorporates the previous arguments that were in the letter of January 31, 2008 and the arguments made at the conference on February 5, 2008.

       The issue of the stay of the trial pending the appeal of this case is inextricably bound with the appeal itself. It is the plaintiff's position that since the appeal is legally frivolous at this time the stay should not be granted.

       In *Apostol v. Gallion,* 870 F.2d 1335 (7th Cir. 1989), the Seventh Circuit held that, in the face of an interlocutory appeal designed to delay a trial, the trial court should certify such appeal as frivolous and proceed with trial (*Apostol* 870 F.2d at page 1339). This concept of having the trial court certify the appeal as frivolous was adopted by the United States Supreme Court in *Behrens v. Pelleitier*, 516 U.S. 299, 310. (1996). In said case Justice Scalia cited with approval the district court's certifying as frivolous the defendant's appeal of its order denying qualified immunity (within the context [albeit erroneous] of the Ninth Circuit's one appeal rule). Justice Scalia stated

> In the present case, for example, the District Court appropriately certified petitioner's immunity appeal as "frivolous in light of the Court of Appeals' (unfortunately erroneous) one-appeal precedent. This practice, which has been embraced by several Circuits, enables the district court to retain jurisdiction

Hon. William H. Pauley, III
February 8, 2008
page 2.

>pending summary disposition of the appeal, and thereby minimize disruption of the ongoing proceedings (citations omitted). (Id.).

The district courts in New York have also employed the "certification of frivolity" standard in consideration of interlocutory appeals. In *Bean v. Estate of Brantley et. al.* 822 F. Sup. 1016 (N.D.N.Y. 1993), Judge Skretny of the Northern District of New York held in an appeal of a summary judgment denial of a claim of qualified immunity that the defendant's notices of appeal were frivolous and stated:

>The Supreme Court has explained that although the Courts of Appeal have jurisdiction only over "final decisions" of the district court pursuant to *28 U.S.C. c1291 a* final decision" is not necessarily the last order that can possibly be made in a case. *Mitchell v. Forsyth, 472 U.S. 511, 524, 105 S. Ct. 2806, 2814, 86 L.Ed. 2d 411 (1985)*. A district court order can be appealable if it falls within "that small class which finally determines claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id. At 524-25, 105 S. Ct. At 2814 (quoting Cohen v. Beneficial Industrial Loan Corp. , 337 U.S. 541, 546, 69 S. Ct. 1221, 1225, 93 L.Ed. 1528 (1949))*. In Mitchell , the Court explained that in some cases a district court's denial of summary judgment on the issue of qualified immunity may be appealed under Cohen's "collateral order doctrine". Accordingly", the Court wrote, " we hold that a district court's denial of a claim of qualified immunity, **to the extent that it turns on an issue of law**, is an appealable " final decision" within the meaning of *28 U.S.C.c1291notwithstanding* the absence of a final judgment." Id at *530, 105 S.Ct. At 2817* (emphasis added) *Bean*, 822 F. Supp at 1017.

Thereafter the court held:

>For these reasons, this court finds that the defendants are not appealing an issue of law but this Court's determination that these are issues of fact precluding summary judgment on the defense of qualified immunity. Hence, defendants' appeal does not fall within the scope of the "collateral order doctrine". *Bean*, 822 F. Supp at page 1019.

In *Palmer v. Goss* , 2003 U.S. Dist. LEXIS 19895 ( S.D.N.Y. 2003), Judge Baer stated:

Hon. William H. Pauley, III
February 8, 2008
page 3.

>...Specifically, Palmer's due process claim against defendant Richards relates to Palmer's allegation that Richards purposefully erased a portion of the tape recording of a disciplinary hearing that was allegedly favorable to Palmer. In their motion for summary judgment, defendants did not seriously contest that the tampering of the tape, if true was illegal and qualified immunity would be inapplicable, instead defendants largely presumed that the tape was merely defective and that Richards conducted the hearing properly. Clearly this is both a central issue and a fact issue. Thus there is no merit to Richards contention that entitlement to qualified immunity turns on an issue of law- it is clear that the fact finder must determine whether or not he destroyed a portion of the tape. Where a district court determines that an appeal of a denial of qualified immunity is frivolous, the court may proceed to trial even in the face of an interlocutory appeal (citations omitted) .

In the case at bar, this court has considered the defendant's motion for summary judgment on the issue of defendant Quinn's qualified immunity and held that said motion had to be denied at this time because there existed genuine issues of material fact precluding summary judgment. This court held that there remained factual disputes as to whether Plaintiff's constitutional rights were violated and whether Defendant Quinn was acting outside the scope of her authority as Speaker of the Council in terminating the Plaintiff. In addition, the court held that there remained issues of fact regarding the actual or potential disruptiveness of plaintiff's statements and thus summary judgment could not be granted. ( See page 9 and footnote 1 [p.9] of the January 24, 2008 Memorandum and Order)

Thus the issue here is factual and not legal. It is <u>not</u> one of the small class of cases that fall within the "collateral order doctrine" which permits the Court of Appeals to consider an interlocutory appeal that is appealable as a final judgment because it turned on an issue of law. Therefore, the plaintiff respectfully requests that the court certify the appeal as frivolous and deny the requested stay.

                                                    Respectfully,

                                                    /s/
                                                    Noah A. Kinigstein

cc: Eric Eichenholtz, Assistant Corporation Counsel- by facsimile
    Encs.