UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
VIOLA PLUMMER,                                   :

                             Plaintiff,            :        07 Civ. 6154 (WHP)

          -against-                           :        MEMORANDUM AND ORDER

CHRISTINE QUINN, Speaker of the City             :
Council, and the CITY OF NEW YORK,
                                                    :
                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Viola Plummer brings this federal civil rights action against Defendants Christine Quinn ("Quinn") and the City of New York alleging that they suspended her and then terminated her employment in violation of the First and Fourteenth Amendments, as well as the New York State Constitution. On January 24, 2008 this Court granted in part and denied in part Defendants' motion for summary judgment (the "Memorandum and Order"). Defendants have appealed the portion of the Memorandum and Order denying Quinn's motion for summary judgment based on the doctrine of qualified immunity. Pursuant to Rule 8 of the Federal Rules of Appellate Procedure, Defendants move to stay further proceedings pending the appeal. Plaintiff moves for certification that the appeal is frivolous. For the following reasons, Defendants' motion is granted, and Plaintiff's motion is denied.

## DISCUSSION

I. Stay of Proceedings Pending Appeal

        In deciding a motion for a stay pending appeal, the Court considers whether: (1) the applicant will be irreparably injured absent a stay; (2) issuance of the stay will substantially

injure the other parties interested in the proceeding; (3) the stay applicant has made a strong showing that he is likely to succeed on the merits; and (4) the stay is in the public interest. In re World Trade Center Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007). "The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors." Mohammed v. Reno, 309 F.3d 95, 100-01 (2d Cir. 2002).

"Qualified immunity is . . . an immunity from suit rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial." Loria v. Gorman, 306 F.3d 1271, 1280 (2d Cir. 2002) (internal quotations marks and citations omitted). Thus, as to the first factor, Quinn will be irreparably harmed if this case proceeds to trial because any immunity from suit to which she may be entitled will be lost before her appeal is decided. This factor weighs strongly in favor of staying further proceedings.

As to the second factor, Plaintiff seeks to be reinstated as chief of staff to New York City Council Member Charles Barron ("Barron"), as well as compensatory and punitive damages. If this Court grants a stay, and Plaintiff eventually prevails at trial, it may be too late for her to be reinstated as Barron's chief of staff because he is term-limited and will leave office in 2009. However, Plaintiff can be compensated through an award of damages, see Savage v. Gorski, 850 F.2d 64, 68 (2d Cir. 1998) (harm as a result of improper discharge can be compensated through money damages), and therefore, this factor does not weigh in favor of denial of Defendants' motion.

As to the third factor, because the potential for irreparable injury to Quinn absent a stay is substantial, Defendants need only make a minimal showing of likelihood of success on appeal. See Mohammed, 309 F.3d at 100-01. The January 24, 2008 Order held that further development of the record and resolution of factual disputes were required before this Court

could determine whether Quinn was entitled to summary judgment. Quinn is entitled to appeal this decision. See Loria, 306 F.3d at 1280 ("[E]ven if the district court finds that material issues of fact exist, [the Court of Appeals] may still exercise interlocutory jurisdiction if the defendant . . . contends that [she] is entitled to qualified immunity even under the plaintiff's version of the facts."). Although this Court believes its decision was proper based on the record before it, there is a possibility that the Court of Appeals will conclude otherwise.

Finally, there are competing public interest considerations. The purpose of qualified immunity doctrine is to "strike a fair balance between (1) the need to provide a realistic avenue for vindication of constitutional guarantees, and (2) the need to protect public officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." See Jemmott v. Coughlin, 85 F.3d 61, 66 (2d Cir. 1996). Thus, the public interest does not weigh for or against granting a stay.

Accordingly, because the potential for irreparable injury to Quinn absent a stay outweighs the potential injury to Plaintiff as a result of stay, Defendants' request for a stay of further proceedings is granted.

II. Certification that the Appeal is Frivolous

In the case of an interlocutory appeal, "the district court may proceed with those matters not involved in the appeal." Satcom Int'l Group PLC v. Orbcomm Int'l Partners, L.P., 55 F. Supp. 2d 231, 234 (S.D.N.Y. 1999) (quoting New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir. 1989)). In some circuits, a district court may proceed to trial despite a defendant's interlocutory appeal of the denial of qualified immunity if the court certifies that the appeal is frivolous or being used for purposes of delay. See e.g., Apostal v.

3

Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989). Although the Second Circuit has not specifically addressed the issue, some courts in this circuit have adopted this approach. See e.g., Palmer v. Goss, No. 02 Civ. 5804, 2003 WL 22519454, at *1 (S.D.N.Y. Nov. 5, 2003); Bean v. City of Buffalo, 822 F.Supp. 1016, 1019 (W.D.N.Y.1993). However, having determined that Quinn is entitled to an interlocutory appeal and that there is a possibility that the Court of Appeals will reverse this Court's denial of summary judgment based on the doctrine of qualified immunity, Defendants' appeal cannot be characterized as frivolous. Accordingly, Plaintiff's motion for certification of the appeal as frivolous is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for a stay of proceedings pending interlocutory appeal is granted, and Plaintiff's motion for certification of the appeal as frivolous is denied.

Dated: February 12, 2008
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Roger S. Wareham, Esq.
394 Putnam Avenue
Brooklyn, NY 11216

Noah Aaron Kinigstein, Esq.
315 Broadway, Suite 200
New York, NY 10007
*Counsel for Plaintiff*

James M. Lemonedes, Esq.
Assistant Corporation Counsel
City of New York Law Department
100 Church Street
Room 2-172
New York, NY 10007
*Counsel for Defendants*